DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Dorothy Perrine, appeals from the judgment entry of the Summit County Court of Common Pleas, which denied her motion for entry of a final, appealable order on the basis of laches. This Court reverses.
 I. {¶ 2} This case presents with a tortured past. On September 28, 1994, appellant filed a complaint regarding four loans and seeking money due and owing from appellee, Ginger Staab fka Virginia Perrine, and Thomas Perrine. The alleged loans were made by appellant, Thomas' mother, to appellee and Thomas during the course of their twenty-year marriage. The matter was heard before the magistrate, who issued his decision on October 26, 1995. The magistrate concluded that appellant had forgiven the first and second loans, that appellee and Thomas had partially repaid the third and fourth loans, and that appellant had forgiven the remainder of the third and fourth loans.
 {¶ 3} Appellant objected to the magistrate's decision. On February 16, 1996, the trial court overruled appellant's objections and adopted the magistrate's conclusions, findings and recommendations as its own order. Appellant timely appealed. On November 20, 1996, this Court held that the trial court properly found that appellant had forgiven the first loan. Perrine v. Perrine (Nov. 20, 1996), 9th Dist. No. 17736. This Court reversed and remanded the matter in regard to the second loan, finding that the magistrate's conclusions in that regard were inconsistent. Id. This Court expressly remanded the matter "for the purpose of providing the opportunity for the trial court to make findings which are not self-contradictory." Id. Finally, this Court reversed and remanded the matter in regard to the third and fourth loans, finding that the record did not support the trial court's findings that appellant had forgiven those loans. Id. Because the trial court found that appellee and Thomas had repaid $72,000.00 in regard to the third and fourth loans, upon remand it should have entered judgment for appellant in the amount of the balance due on those loans. Id.
 {¶ 4} Upon remand, the trial court again referred the matter to the magistrate, who ordered the parties to submit the matter to him on briefs due by July 17, 1997. On September 10, 1997, the magistrate issued a supplemental decision, addressing only the second loan. The magistrate concluded that the second loan was, in fact, not a loan. Rather, the magistrate concluded that appellant and Thomas were attempting to avoid consequences of probate or division of property in Thomas' divorce from appellee by styling the transfer of funds as a loan. Significantly, the magistrate failed to address either the third or fourth loans as directed by this Court on remand. On September 19, 1997, appellant objected to the magistrate's decision for the reason that the magistrate failed to make any findings regarding the balances due on the third and fourth loans.
 {¶ 5} On January 30, 1998, the trial court overruled appellant's objections and adopted the magistrate's decision as the order of the court. The trial court failed to modify the magistrate's decision to address the third and fourth loans or to enter judgment in regard to them.
 {¶ 6} On May 14, 1998, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B), requesting that the trial court "grant her relief from Judgment in order to determine the amounts owed to her on LOAN NOS. 3 and 4 which have been previously litigated, however which no Judgment amount has yet been rendered." On July 27, 1998, the trial court denied appellant's motion for relief from judgment, finding that the Civ.R. 60(B) motion was not the appropriate mechanism for relief. Specifically, the trial court noted that the parties had stipulated to the balance due under the third and fourth loans, to wit: $16,537.00 plus interest from July 31, 1995 on the third loan and $30,013.00 plus interest from July 31, 1995 on the fourth loan. The trial court misinterpreted appellant's motion as a request to vacate a judgment for her in those amounts and imposing judgment for her in different amounts. The trial court failed to realize that it had never issued any order granting judgment to appellant in any amount, notwithstanding this Court's directive to do so. The trial court concluded its July 27, 1998 order by stating that there was no just cause for delay.
 {¶ 7} On August 17, 1999, appellant filed a request for the filing of a certificate of judgment lien in the amount of $46,550.00 plus costs and interest from July 31, 1995. On September 8, 1999, and again on October 27, 1999, the clerk of courts issued the certificate of judgment lien, referencing only the trial court's ruling on appellant's 60(B) motion in support of the judgment lien. Appellant's counsel sent a letter to the office of the clerk of courts, informing that it was this Court which granted judgment to appellant by virtue of our decision in Perrine v.Perrine (Nov. 20, 1996), 9th Dist. No. 17736, rather than the trial court, which merely referred to the parties' stipulation to the amounts still due and owing under the third and fourth loans. On January 19, 2000, counsel for appellant's former counsel moved the court for a judgment entry nunc pro tunc, wherein the trial court would formally enter judgment in favor of appellant in the specific sum of $46,550.00. On February 11, 2000, and February 15, 2000, the trial court vacated both certificates of judgment lien. On February 28, 2000, the trial court again referred the matter to the magistrate.
 {¶ 8} On March 2, 2000, the magistrate issued his second supplemental decision, ostensibly on appellant's motion for a judgment entry nunc pro tunc. However, in disregard of this Court's November 20, 1996 decision, the magistrate issued new findings of fact and concluded that the third loan had been discharged and that the note evidencing the fourth loan had been altered, so that appellee had no further obligation on that note.
 {¶ 9} Thomas Perrine filed objections and moved to strike the magistrate's second supplemental decision for the reason that the magistrate exceeded his authority. On March 16, 2000, appellant also objected, asserting that the magistrate's second supplemental decision was contrary to this Court's November 20, 1996 decision. Appellant argued that appellee had never alleged a claim for fraud in regard to the loans, so that the magistrate erred in now finding fraud to substantiate his original decision. Appellant further noted that the matter had been ongoing for more than five years, despite the fact that this Court found that judgment in regard to the third and fourth loans was appropriate in favor of appellant and that the parties had stipulated to the amounts owing under those loans.
 {¶ 10} On December 14, 2001, after the trial court allowed the parties to file briefs, memoranda in opposition, and sundry supplemental responsive memoranda for more than a year, the trial court ruled on the pending objections to the magistrate's second supplemental decision. The trial court adopted the magistrate's decision as its own, with the exception that it sustained Thomas Perrine's objection that the magistrate had overstepped the mandates of this Court "by involving himself with Loans No. 3 and 4, which were not a subject of the remand[.]" While it is true that this Court did not direct the trial court to issue further findings of fact and conclusions of law regarding the third and fourth loans, this Court expressly remanded the matter to the trial court to enter the appropriate judgment in regard to those two loans. That was never done.
 {¶ 11} Appellant appealed the trial court's December 14, 2001 order and appellee cross-appealed. On August 21, 2002, this Court dismissed appellant's appeal for failure to file an appellate brief. Perrine v.Perrine, 9th Dist. No. 20923, 2002-Ohio-4251, at ¶ 4. This Court further dismissed appellee's cross-appeal for lack of a final, appealable order, because the trial court failed to independently set forth its judgment and enunciate how it resolved the issues below as to what relief the trial court afforded the parties. Id. at ¶ 11. Specifically, this Court found that
"[t]he trial court did not enter judgment prior to the filing of objections to the magistrate's decision; therefore, the order is not a post-judgment entry pursuant to Civ.R. 53(E)(4)(c), and the order is not final and appealable as required by R.C. 2505.02" Id. at ¶ 12.
 {¶ 12} On September 23, 2002, the trial court issued a judgment entry out of its review and analysis following this Court's August 21, 2002 decision. Incredulously, in that judgment entry, the trial court found that appellee had previously prevailed on all matters, specifically, that appellee had no obligations in regard to the second, third and fourth loans. The trial court expressly stated that the order was final and appealable and that there was no just cause for delay. However, the trial court failed to recite any order entering judgment in any party's favor.
 {¶ 13} Thomas Perrine moved to strike the trial court's judgment entry on the basis that it conflicted with this Court's November 20, 1996 decision and contained misrepresentations of fact. Before the trial court addressed Thomas' motion to strike, appellant timely appealed the trial court's September 23, 2002 judgment entry. This Court dismissed the appeal by journal entry filed December 31, 2002, finding that the trial court had failed to enter judgment in favor of any party. Notwithstanding this Court's reiteration that the trial court had never entered judgment in favor of any party during the then seven-year pendency of the case, the trial court failed to address the case further.
 {¶ 14} On October 27, 2004, appellant filed a motion for entry of a final, appealable order which would comport with the directives of this Court's November 20, 1996 decision reversing and remanding the matter in regard to the third and fourth loans. On December 17, 2004, the trial court issued a judgment entry, wherein it denied appellant's motion on the basis of laches. Appellant now timely appeals, raising one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"The trial court erred by denying plaintiff/appellant's motion for entry of a final, appealable order."
 {¶ 15} Appellant argues that the trial court erred by denying appellant's motion for a final, appealable order on the basis of laches, where the trial court had a duty to enter final judgment, but failed to do so during the ten-year pendency of this matter. This Court agrees.
 {¶ 16} This Court has defined laches as "an omission to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party." Akron Gen. Med. Ctr. v. Foutty (Feb. 14, 2001), 9th Dist. No. 20152, quoting Smith v. Smith (1957),107 Ohio App. 440, 443-44. To prevail under the equitable doctrine of laches, a proponent must establish
"(1) unreasonable delay or lapse of time in asserting a right, (2) absence of an excuse for such delay, (3) knowledge, actual or constructive, of the injury or wrong, and (4) prejudice to the other party." Foutty, citing State ex rel. Carter v. N. Olmstead (1994),69 Ohio St.3d 315, 325.
 {¶ 17} Before the equitable doctrine of laches may apply, it must be pled as an affirmative defense pursuant to Civ.R. 8(C). A failure to assert laches as an affirmative defense bars its subsequent defense.Eppley v. Bratton (Nov. 7, 1994), 5th Dist. No. 94 CA 7. In this case, appellee failed to assert the equitable doctrine of laches as an affirmative defense in her answer. Therefore, the trial court erred when it sua sponte applied the defense on behalf of appellee.
 {¶ 18} Further, this Court can think of no reason to apply the doctrine of laches to defeat a party's claim, where the party has succeeded on the claim, but the trial court has repeatedly failed to enter judgment.
 {¶ 19} In this case, this Court issued a decision on November 20, 1996, reversing the trial court's order that appellant was not entitled to further repayment on the third and fourth loans. At that time, the trial court had its first opportunity to enter judgment in favor of appellant in an amount corresponding to the balance due under those loans. The trial court failed to enter judgment, however, instead referring the matter to the magistrate, who had no authority to enter final judgment.
 {¶ 20} Over the course of many years, appellant repeatedly attempted to compel the trial court to enter judgment, but the trial court failed to do so, often misconstruing the issues before it. It has been the trial court's confounding of the matter, which has resulted in its failure to enter judgment and resolve this matter in favor of one party or another. Appellant has consistently sought the trial court's entry of judgment, often through the desperation of unconventional means.
 {¶ 21} The trial court maintained a duty to enter judgment, resolving the issues as to what relief the trial court afforded the parties. Appellant timely pursued her rights by filing her complaint. She prevailed on the merits in regard to the third and fourth loans, pursuant to this Court's November 20, 1996 decision. This Court can find nothing equitable in the trial court's application of the doctrine of laches to deprive appellant of her judgment, only because the trial court failed to enter such judgment during the lengthy tenure of the case. Appellant's assignment of error is sustained.
 III. {¶ 22} Appellant's assignment of error is sustained. Accordingly, the judgment entry of the Summit County Court of Common Pleas, which denied appellant's motion for a final, appealable order on the basis of laches is reversed. The cause is further remanded to the trial court with instructions to enter judgment within ten days of the filing of this decision in favor of appellant in regard to the third and fourth loans in the amounts to which the parties have stipulated, to wit: $16,537.00 plus interest from July 31, 1995 on the third loan and $30,013.00 plus interest from July 31, 1995 on the fourth loan,[1] plus interest at the statutory rate from the date of final judgment.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellees.
Exceptions.
Whitmore, P.J. Batchelder, J. concur.
[1] The stipulations are referenced in the trial court's July 27, 1998 order.