DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Dorothy Perrine, appeals the judgment of the Summit County Court of Common Pleas granting summary judgment in favor of Appellee, David Patterson. We affirm.
 {¶ 2} This action stems from Appellee's representation of Appellant in an action to recover upon four loans in the Summit County Court of Common Pleas. That case has had an extremely long and tortured history; it has been up to this Court numerous times in the past ten years, most recently on July 20, 2005. SeePerrine v. Perrine, 9th Dist. No. 22472, 2005-Ohio-3634.
 {¶ 3} In the underlying case, four loans were alleged to have been made by Appellant to her son, Thomas, and his former wife, Ginger Staab, formerly known as Virginia Perrine. Appellee represented Appellant in the successive appeals that were filed in the case, one of which relates to the instant matter.
 {¶ 4} After the appeal in question made its way through the court system, it was referred to a magistrate who issued a supplemental decision. Objections to that decision were filed, and the trial court adopted the magistrate's decision on January 30, 1998. Four months later, Appellant filed a 60(B) motion for relief from judgment, which the trial court denied on July 27, 1998.
 {¶ 5} A motion for judgment entry nunc pro tunc was filed on January 19, 2000, requesting the trial court to amend its July 27, 1998 entry in order to clarify for whom judgment had been entered and in what amount. Again, the matter was referred to a magistrate, who issued a second supplemental decision on March 2, 2000. "Objections were filed to the magistrate's second supplemental decision. The trial court ruled on the objections and entered an order on December 14, 2001." Perrine v. Perrine,
9th Dist. No. 20923, 2002-Ohio-4251, at ¶ 4.
 {¶ 6} Appellant appealed from the trial court's December 14, 2001 order, and Ginger Staab, fka Perrine, filed a cross-appeal. Appellant's appeal was dismissed for failure to file an appellate brief, and we dismissed Ginger's cross-appeal because we found that the order from which she was cross-appealing was not a final, appealable order, and we lacked jurisdiction to consider it. Id. at ¶ 13.
 {¶ 7} Thereafter, on October 28, 2004, Appellant filed a legal malpractice action against Appellee (who was her attorney during the above events), alleging that Appellee was negligent in his representation for failing to file an appellate brief. Appellee filed a motion for summary judgment on June 29, 2005, arguing that Appellant could not establish any damages resulting from Appellee's failure to file an appellate brief, as the order to have been appealed was not a final and appealable order.[1]
 {¶ 8} The Summit County Court of Common Pleas granted Appellee's motion for summary judgment on October 27, 2005. Appellant now appeals, asserting one assignment of error for our review.
 ASSIGNMENT OF ERROR
"The trial court erred by granting summary judgment to [Appellee]."
 {¶ 9} In her only assignment of error, Appellant claims that the trial court erred in granting Appellee's motion for summary judgment. Specifically, she states that she suffered damages as a result of Appellee's failure to file an appellate brief in that she is barred from asserting a subsequent appeal. We affirm the decision of the trial court.
 {¶ 10} Appellate courts consider an appeal from summary judgment under a de novo standard of review, which requires an independent review of the trial court's decision. Grafton v.Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105; Brown v. SciotoCty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711. Thus, this Court applies the same standard as the trial court, viewing the facts of the case in a light most favorable to the non-moving party. Civ.R. 56(C); Norris v. Ohio Std. Oil Co. (1982),70 Ohio St.2d 1, 2.
 {¶ 11} Summary judgment is proper under Civ.R. 56 when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can only reach one conclusion, and that conclusion is adverse to the non-moving party. Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327.
 {¶ 12} To prevail on a motion for summary judgment, the moving party must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Civ.R. 56(E) provides that after the moving party has satisfied its burden of supporting its motion for summary judgment, the non-moving party may overcome summary judgment by demonstrating that a genuine issue exists to be litigated for trial. State ex rel. Zimmermanv. Tompkins (1996), 75 Ohio St.3d 447, 449.
 {¶ 13} In his motion for summary judgment, Appellee argued that he was entitled to judgment as a matter of law because Appellant had not sufficiently established her case against him for legal malpractice. To establish a case for legal malpractice one must prove three elements: 1) the attorney owed a duty; 2) there was a breach of that duty and the attorney failed to conform to the standard of care required by law; and 3) there was a causal connection between the conduct complained of and the resulting damage. Vahila v. Hall (1997), 77 Ohio St.3d 421,427.
 {¶ 14} Appellant maintains that her attorney owed her a duty, after filing his notice of appeal, to file an appellate brief. By failing to file the brief, Appellant argues that Appellee breached his duty to her. Appellant asserts that, as a result of Appellee's failure to file an appellate brief, her appeal was dismissed and she was precluded thereafter from raising the same issues in a later appeal.
 {¶ 15} Appellee contends that as the order being appealed was not a final, appealable order, even if an appellate brief would have been filed, it would have been dismissed. Consequently, he insists, Appellant did not suffer any damages as a result of his failure to file an appellate brief. The trial court agreed that Appellant did not suffer any damages, and noted that after a final, appealable order was issued (which has yet to occur), it could see nothing to prevent Appellant from reasserting her appeal.
 {¶ 16} The issue before us is, essentially, whether Appellant suffered any damages as a result of Appellee's failure to file an appellate brief. Specifically, where an appeal is dismissed for failure to prosecute, and later the underlying order is determined not to be an appealable order, is the appellant precluded from later raising the same issues on appeal after a final order is entered? We have answered the question in the negative.
 {¶ 17} To reiterate the pertinent facts: the trial court issued an order on December 14, 2001. Appellant filed a notice of appeal from that order. Ginger Staab cross-appealed the same order. Appellant's appeal was dismissed for failure to file an appellate brief. Ginger's cross-appeal was dismissed because the underlying order was found not to be final, which deprived this court of jurisdiction.
 {¶ 18} We agree with Appellant that typically, "[w]here an appeal to the Court of Appeals is perfected under [R.C.] 2505.07, and such appeal is dismissed by the Court of Appeals for want of prosecution, such dismissal is a bar to a subsequent appeal[.]"Anderson v. Richards (1962), 173 Ohio St. 50, paragraph 1 of the syllabus. Implicit in the bar to a subsequent appeal,however, is that the original appeal was properly before theAppellate Court. In Anderson, the Supreme Court noted that the original appeal was properly before the Court before it ruled that the dismissal for want of prosecution prohibited a later appeal. Id at 52.
 {¶ 19} Similarly, in Nationwide Ins. Co. v. Neer (June 14, 1985), 6th Dist. No. E-84-50, the appellant's original appeal was dismissed for want of prosecution when he failed to file an appellate brief. He then filed a second appeal, raising the same issues as the first. The court disallowed the second appeal noting that it "had jurisdiction to entertain appellant's original appeal on the merits had he properly pursued that course of action." Id. at 1. As the court had jurisdiction to consider appellant's first appeal, he was precluded from raising a second appeal. Id. at 2.
 {¶ 20} In the case at hand, we did not have jurisdiction to properly consider Appellant's first appeal, even if she would have properly filed an appellate brief. In Perrine v. Perrine,
2002-Ohio-4251, we expressly found that the December 14, 2001 order appealed and cross-appealed from was not final and appealable, and we lacked jurisdiction to consider it. Id at ¶ 13. ("because the order appealed and cross-appealed from is not final and appealable, this Court does not have jurisdiction to review it.")
 {¶ 21} An appeal from an order that is not final is not properly before this court. The Ohio Constitution limits an appellate court's jurisdiction to the review of final judgments of lower courts. Section 3(B)(2), Article IV. Accordingly, this Court has jurisdiction to review only final and appealable orders. See Harkai v. Scherba Industries, Inc. (2000),136 Ohio App.3d 211, 219.
 {¶ 22} We disagree with Appellant's argument that the principle of res judicata prevents her from raising her appeal after a final order has been entered in the trial court. The doctrine of res judicata provides that "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. ParkmanTwp. (1995), 73 Ohio St.3d 379, syllabus. In other words, a final judgment or decree between the parties in litigation is conclusive as to all claims which were or might have been
litigated in the first lawsuit. Rogers v. Whitehall (1986),25 Ohio St.3d 67, 69. As this Court lacked jurisdiction to consider the initial appeal, the claims could not have been litigated. Consequently, the doctrine of res judicata does not, in this case, serve as a bar to a subsequent appeal.
 {¶ 23} As Appellant's initial appeal was never properly before this court, neither the doctrine of res judicata, nor the rule set forth in Anderson, prohibiting a second appeal after the first has been dismissed for want of prosecution, is applicable. We agree with the trial court in that we can see no support for Appellant's "argument that she will be prevented from reasserting her [appeal] after a final, appealable order is issued in the underlying case." As Appellant is not barred from reasserting her appeal, she did not suffer any damages as a result of Appellee's failure to file an appellate brief. Consequently, she did not meet the elements necessary for a legal malpractice action.
 {¶ 24} Appellant's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas granting summary judgment in Appellee's favor is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Carr, J. Moore, J. concur.
[1] Appellant filed a motion for entry of a final, appealable order with the trial court on October 27, 2004, which the trial court denied on the basis of laches. Appellant appealed, and this court reversed the trial court's decision and remanded the case.Perrine, 2005-Ohio-3634, at ¶ 22. The trial court has yet to issue a final order, however, because Ginger Staab has since filed bankruptcy.