DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Jennifer Lehman, appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, which denied her motion for retroactive child support. This Court reverses.
 I. {¶ 2} On November 21, 2005, appellant filed a complaint against appellee, Delbert Hubbard, to establish that he was the father of one of her children. The child was born November 25, 1987 and was no longer in appellant's custody at the time she filed her complaint. Appellant, however, sought retroactive child support for the period of time during which she raised the child.
 {¶ 3} Appellee did not respond to the complaint and a hearing was held before a magistrate on February 8, 2006. At the conclusion of the hearing, the magistrate found that a parent-child relationship existed between appellee and the child. The magistrate, however, denied appellant's request for retroactive support under the doctrine of laches. Appellant objected to this finding, asserting that laches had not been properly raised by appellee. The trial court overruled appellant's objection, finding the doctrine applicable. In addition, the trial court found that appellant's claim was barred by the statute of limitations and that appellant had failed to prove her case. Appellant timely appealed the trial court's judgment, raising three assignments of error for review. For ease of analysis, this Court has consolidated appellant's first and second assignments of error.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED IN SUA SPONTE FINDING PLAINTIFF'S CLAIM BARRED BY LACHES AND/OR STATUTE OF LIMITATIONS AS DEFENDANT'S FAILURE TO PLEAD SUCH DEFENSES WAIVED SUCH DEFENSES."
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED IN FINDING PLAINTIFF'S CLAIM BARRED BY LACHES AND/OR STATUTE OF LIMITATIONS."
 {¶ 4} In her first and second assignments of error, appellant argues that the trial court erred in using the doctrine of laches and the defense of the statute of limitations. We agree.
 {¶ 5} Civ. R. 8(C) provides that "a party shall set forth affirmatively * * * laches * * * statute of limitations * * * and any other matter constituting an avoidance or affirmative defense." Accordingly, to apply, laches must be pled as an affirmative defense pursuant to Civ. R. 8(C). See Perrine v. Perrine, 9th Dist. No. 22472, 2005-Ohio-3634, at ¶ 17. "A failure to assert laches as an affirmative defense bars its subsequent defense." Id., citing Eppley v. Bratton (Nov. 7, 1994), 5th Dist. No. 94 CA 7. Additionally, as an affirmative defense "other [than] those listed at Civ. R. 12(B)," the statute of limitations defense is waived if not raised in the pleadings or by an amendment to the pleadings. Jim's Steak House, Inc. v. Cleveland (1998),81 Ohio St.3d 18, 20. In this case, appellee did not answer the complaint and therefore failed to assert the equitable doctrine of laches or the statute of limitations as an affirmative defense in his answer. Therefore, the trial court erred when it sua sponte applied the defenses on behalf of appellee. Appellant's first and second assignments of error are sustained.
 ASSIGNMENT OF ERROR III "THE TRIAL COURT ERRED IN SUA SPONTE RULING THAT MOTHER DID NOT MEET HER BURDEN OF PROOF FOR A DETERMINATION OF THE AMOUNT OF PAST SUPPORT."
 {¶ 6} In her final assignment of error, appellant asserts that the trial court erred in finding that she had not proven her case. Specifically, appellant argues that she supplied sufficient information for the trial court to properly calculate an award of retroactive child support. This Court agrees.
 {¶ 7} Initially, we note that appellee did not file a brief. This Court may, therefore, accept appellant's statement of the facts and issues as correct and reverse the trial court's judgment if appellant's brief reasonably appears to sustain such action. See App. R. 18(C).
 {¶ 8} In her assignment of error, appellant argues that the trial court's conclusions were against the manifest weight of the evidence. When an appellant asserts that a civil judgment is against the manifest weight of the evidence, this Court's standard of review is the same as that in a criminal context. Frederick v. Born (Aug. 21, 1996), 9th Dist. No. 95CA006286. In determining whether a judgment is against the manifest weight of the evidence,
 "an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of one of the parties. Id.
 {¶ 9} As such, every reasonable presumption must be made in favor of the judgment and the findings of fact of the trial court. Karches v.Cincinnati (1988), 38 Ohio St.3d 12, 19. Therefore, a judgment is not against the manifest weight of the evidence simply because conflicting evidence exists before the trier of fact. State v. Haydon (Dec. 22, 1999), 9th Dist. No. 19094, at 14. "[I]f the evidence is susceptible of more than one construction, we must give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the trial court's verdict and judgment." Karches, 38 Ohio St.3d at 19. This is so because evaluating evidence and assessing credibility are primarily for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 10} In its entry, the trial court found that appellant had failed to make a reasonable effort to contact appellee after the child was born, that appellant was barred from receiving support for the period the child was not in her custody, and that appellant had failed to demonstrate the amount of support owed. Upon review of the evidence, the trial court's findings are unsupported by the evidence.
 {¶ 11} Initially, this Court notes that appellant did not seek support for the period of time the child was not in her custody. Rather, appellant admitted that the child was taken into CSB custody when he was seventeen and that she was not seeking support for that period of time. Therefore, the trial court erred in denying her support request on the basis that the child was not in appellant's custody for his entire minority.
 {¶ 12} Furthermore, the requirement that appellant make a reasonable effort to contact the alleged father of the child is contained in R.C. 3111.13(F)(3)(b). R.C. 3111.13(F)(3)(a) provides a statute of limitations for an award of retroactive support. Kreitzer v.Anderson, 157 Ohio App.3d 434, 2004-Ohio-3024, at ¶ 9. R.C. 3111.13(F)(3)(b) then provides a mechanism for fulfilling the requirements of R.C. 3111.13(F)(3)(a)(ii). As noted above, however, the trial court cannot sua sponte raise the affirmative defense of the statute of limitations. Accordingly, the trial court erred in relying upon the provisions of R.C. 3111.13(F) to deny an award of retroactive support.
 {¶ 13} Finally, the trial court found that appellant had failed to prove the amount of support owed by appellee. This Court disagrees.
 {¶ 14} During her testimony, appellant submitted tax returns for the years 1994 through 2005. The trial court, however, found these unpersuasive because they contained only the front page of the return. Regardless of the adequacy of these documents, appellant testified as to her adjusted gross income for every year from 1994 through 2005. This testimony was uncontradicted. Furthermore, she testified that she was always capable of earning minimum wage and had never earned more than minimum wage. Appellant's testimony continued as follows. She had provided food, shelter, and clothing to the child until October of 2004 when the child was taken in into CSB's custody. Appellant also detailed when her other children were born, when one of her children died, and the amount of support she received for the other children.
 {¶ 15} In addition, under cross-examination, appellee testified to his current income of roughly $22,000. Appellee further admitted that he had always been capable of earning minimum wage. Appellee also admitted that he was currently paying support for another of his children.
 {¶ 16} The trial court's judgment that appellant had not demonstrated the amount of support owed, therefore, is not supported by the record. The uncontradicted evidence indicated that both appellant and appellee were capable of making minimum wage throughout the years that support was requested. Appellant also presented specific testimony regarding her income for the years 1994 through 2005 which was supported by her tax returns. In addition, appellant gave testimony about the child support she received for other children during the time period in question. Furthermore, appellant presented uncontradicted evidence that she had provided for the child up until he was taken into CSB custody in October of 2004. As such, the trial court's finding that appellant had not met her burden of proof was contrary to all of the evidence provided.
 {¶ 17} The trial court was supplied with evidence of both parties' income for the time period in question. Further, the court was supplied with evidence that appellee was the father of the child and that mother had always provided for the child. As such, the trial court erred in failing to award retroactive support. Accordingly, appellant's third assignment of error is sustained.
 III. {¶ 18} Appellant's three assignments of error are sustained. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is reversed and the cause remanded for further proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to appellee.
WHITMORE, P.J. REECE, J. CONCUR
(Reece, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)