DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, the City of Munroe Falls ("Munroe Falls"), appeals from the judgment of the Summit County Court of Common Pleas. This Court reverses the judgment of the trial court and enters judgment in favor of Munroe Falls.
 I. {¶ 2} Appellee, Ohio Patrolmen's Benevolent Association ("OPBA"), and Appellant, Munroe Falls, are parties to a Collective Bargaining Agreement ("CBA") in which, pursuant to R.C. 4117.05, the OPBA is the exclusive representative of the Munroe Falls Part-Time Police Officers bargaining unit. *Page 2 
 {¶ 3} The Munroe Falls Police Department employs both full-time and part-time officers. As part of the CBA for part-time officers, the Munroe Falls Police Department agreed to a general shift schedule wherein full-time officers generally worked during the week and part-time officers generally worked during weekends. In November of 2005, Munroe Falls Police Chief Scott Bellinger notified officers that he was adding three more part-time shifts during the week. He informed part-time officers that these shifts would be available to them. In December of 2005, Chief Bellinger elected to schedule part-time officer Bob Post for all three shifts. In addition, he gave Officer Post the title of Part-Time Intermittent Patrol Officer.
 {¶ 4} On December 27, 2005, James T. McNicholas, the OPBA Director for the Munroe Falls Police Department, filed a grievance on behalf of all part-time bargaining unit members. The grievance concerned (1) Chief Bellinger's decision to schedule Officer Post for all three shifts and (2) his decision to title Officer Post "Part-Time Intermittent Patrol Officer." The matter proceeded according to the grievance procedure set forth in Article 8 of the CBA. As required in "Step 1" of the grievance process, Chief Bellinger held a hearing on the grievance on January 13, 2006. Following the hearing, Chief Bellinger issued a written decision on January 17, 2006. In the decision, Chief Bellinger determined there was no merit to the grievance. *Page 3 
 {¶ 5} The matter proceeded to a "Step 2" hearing before Mayor Frank Larson. The mayor denied the grievance via a letter dated February 24, 2006. Pursuant to "Step 3" of Article 8, if a grievance is not satisfactorily resolved in Step 2, the Union can make a written request that the grievance be submitted to arbitration. Under Step 3, "[a] request for arbitration by the Union must be submitted within ten (10) calendar days following the date the grievance was answered in Step 2 of the grievance procedure." Further, "[i]n the event the grievance is not referred to arbitration by the Union within the time limits prescribed, the grievance shall be considered resolved based upon the second step reply." The part-time officers did not demand arbitration of this grievance within ten days of the mayor's decision.
 {¶ 6} On March 17, 2006, part-time police officers Jeff Burgess and J. Alestock, filed a grievance with Munroe Falls alleging that it had violated Article 4 of the CBA, which concerns management rights. More specifically, the officers alleged that they were "[d]enied access to hours made available to Part-Time Bargaining Unit members, requested and available in schedule preference form for the April, 2006 Schedule." The grievances were filed with Chief Bellinger. Chief Bellinger denied the grievances on March 20, 2006. OPBA Director Officer McNicholas, on behalf of Burgess and Alestock, appealed the grievances to Mayor Larson. On April 3, 2006, Mayor Larson issued a letter scheduling a grievance hearing for April 6, 2006. Also on April 3, 2006, Officer McNicholas submitted a *Page 4 
letter to Mayor Larson asking that the grievance hearing be rescheduled due to the unavailability of the OPBA attorney. Mayor Larson conducted a hearing on May 5, 2006. On May 8, 2006, Mayor Larson issued a written decision denying the grievances.
 {¶ 7} OPBA attorney Matthew Baker notified Mayor Larson in writing on May 12, 2006 of OPBA's intent to arbitrate Burgess and Alestock's grievances. Thereafter, the OPBA requested an arbitration panel, as permitted under Article 8 of the CBA. On August 14, 2006, the OPBA served Munroe Falls with a notice of intent to petition the court to compel arbitration, as required by R.C. 2711.03. Munroe Falls refused to participate in the selection of an arbitrator. On September 14, 2006, the OPBA filed a complaint to compel arbitration with the trial court. On November 13, 2006, Munroe Falls answered the complaint and denied that the matter should be sent to arbitration. Munroe Falls asserted that the same matter had previously been grieved and resolved. The parties submitted cross-motions for summary judgment. On September 13, 2007, the trial court granted summary judgment in favor of the OPBA and denied Munroe Falls' motion for summary judgment, and determined that the matter should be referred to arbitration so that the arbitrator could determine whether Munroe Falls' defense was valid. Munroe Falls timely filed a notice of appeal from this decision, raising one assignment of error for our review. *Page 5 
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT TO THE [OPBA], AND IN DENYING SUMMARY JUDGMENT TO MUNROE FALLS."
 {¶ 8} In its sole assignment of error, Munroe Falls asserts that the trial court erred in denying summary judgment to it and granting summary judgment to the OPBA. We agree.
 {¶ 9} This Court reviews an award of summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
 {¶ 10} Pursuant to Civil Rule 56(C), summary judgment is proper if:
 "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 11} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-93. Specifically, the moving party must support *Page 6 
the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id. at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 12} Here, the parties do not dispute the facts. Accordingly, we review only the parties' disputes regarding the trial court's application of the law. Munroe Falls first argues that the OPBA lacks standing to pursue the trial court action. Munroe Falls next contends that even if the OPBA has standing, its claim is barred by claim preclusion or res judicata.
 {¶ 13} At the outset, we note that the parties dispute whether the trial court or the arbitrator should consider Munroe Falls' defenses. The trial court declined to consider Munroe Fall's defenses because it held that the arbitrator must decide "arbitrability" of the OPBA's claims. However, "`[t]he issue of whether a controversy is arbitrable under an arbitration provision of a contract is a question of law for the court to decide[.]'" Stinger v. Ultimate Warranty Corp.,161 Ohio App.3d 122, 2005-Ohio-2595, at ¶ 9, quoting Gaffney v. Powell (1995),107 Ohio App.3d 315, 319. Here, we find Munroe Falls' res judicata defense dispositive and therefore, we need not examine its other defenses. An appellate court applies *Page 7 
a de novo standard of review to a determination of whether an action is barred by res judicata. Payne v. Cartee (1996), 111 Ohio App.3d 580,587. The application of the doctrine of res judicata is a question of law which a reviewing court resolves without deference to the decision of the lower court. Id. at 586; Davis v. Coventry Twp. Bd. of ZoningAppeals (Feb. 14, 2001), 9th Dist. No. 20085, at *1. As further explained herein, we find that the OPBA's claim is barred by the doctrine of res judicata and therefore, that they have no claim to pursue.
 {¶ 14} This Court has stated that "[t]he doctrine of res judicata provides that `[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.'" Perrine v. Patterson, 9th Dist. No. 22993, 2006-Ohio-2559, at ¶ 22, quoting Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, syllabus. Further, application of res judicata requires that the identical cause of action shall have been previously adjudicated in a proceeding with the same parties or their privities in the first action, in which the party against whom the doctrine is sought to be imposed shall have had a full and fair opportunity to litigate the claim. Brown v. Dayton (2000),89 Ohio St.3d 245, 247; Business Data Systems, Inc. v. Figetakis, 9th Dist. No. 22783, 2006-Ohio-1036, at ¶ 11, quoting Brown v. Vaniman (Aug. 20, 1999), 2d Dist. No. 17503, at *4.
 {¶ 15} We must first determine whether the parties in the two actions are the same or in privity with one another. The Ohio Supreme Court has explained *Page 8 
that "[w]hat constitutes privity in the context of res judicata is somewhat amorphous. A contractual or beneficiary relationship is not required[.]" Brown, 89 Ohio St.3d at 248. The court further explained that
 "In certain situations * * * a broader definition of `privity' is warranted. As a general matter, privity is merely a word used to say that the relationship between the one who is a party on the record and another is close enough to include that other within the res judicata." (Internal citations omitted.) Id. at 248.
"[A] mutuality of interest, including an identity of desired result, creates privity" for res judicata purposes. Id.
 {¶ 16} In this matter, the parties are in privity with one another. The first grievance, filed on December 27, 2005, was filed on behalfof all part-time bargaining members of the OPBA, concerning Munroe Falls Police Department's decision to schedule Officer Post for three additional shifts. The second grievance, filed by part-time Officers Burgess and Alestock, concerned the identical matter as the first grievance. Any part-time officer of the Munroe Falls Police Department clearly shares a mutuality of interest with a party representingall part-time bargaining members of the OPBA. The relationship between the party who filed the first grievance and the party who filed the second grievance is so close that the second party — the individual officers — are subsumed within the first party — all part-time bargaining members of the OPBA. See Brown, 89 Ohio St.3d at 248. *Page 9 
 {¶ 17} Munroe Falls points out that "[r]es judicata attaches when a claim was previously presented in arbitration or other alternative dispute resolution proceedings." Here, the first claim was never arbitrated. After the grievance was denied at Steps 1 and 2, the OPBA did not further pursue the action. Pursuant to Article 8 of the CBA, "[i]n the event the grievance is not referred to arbitration by the Union within the time limits prescribed, the grievance shall be considered resolved based upon the second step reply." Accordingly, as the Union did not demand arbitration of this first grievance within ten days of the mayor's decision, the grievance was resolved after the second step.
 {¶ 18} Munroe Falls cites Johnson v. Metrohealth Medical Center, 8th Dist. No. 82506, 2004-Ohio-2864, in support of its contention that Burgess and Alestock are in privity with the OPBA, and have already had the opportunity to air their grievance. In Johnson, the court found that an individual who first chose to use union representation to present her claim and then pursued the action in her individual capacity after the union was unsuccessful, was precluded from litigating the claim in her individual capacity. The union first pursued Johnson's grievance and arbitration on her behalf. The Johnson court held that "allowing [the plaintiff] to pursue a personal claim after invoking union representation would give her an extra opportunity to litigate the same claim." Id. at ¶ 30.
 {¶ 19} Unlike Johnson, in the within matter, the Union did not pursue the first grievance to arbitration. However, under the CBA, there is no distinction *Page 10 
between a claim that proceeded to formal arbitration and one which was resolved by Step 2. Under the CBA, both a decision from a formal arbitration and a grievance resolved by Step 2 are final adjudications. Further, there is no dispute that both grievances concerned the same issue — Munroe Falls Police Department's decision to schedule Officer Post for three additional shifts. Accordingly, the judgment issued in Step 2 of the first grievance barred Officers Alestock and Burgess from pursuing their grievances which concerned the precise matter at issue in the first grievance. Perrine, supra, at ¶ 22, quoting Grava, 73 Ohio St.3d at syllabus. To find otherwise would enable each of the Munroe Falls part-time officers in turn to grieve the same issue, causing Munroe Falls to defend the same action repeatedly.
 {¶ 20} Munroe Falls' assignment of error is sustained.
 III. {¶ 21} Munroe Falls' assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed. Summary judgment is hereby rendered in favor of Munroe Falls.
Judgment accordingly
The Court finds that there were reasonable grounds for this appeal. We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into *Page 11 
execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
 Slaby, J. Whitmore, J., concur. *Page 1