[Cite as *CitiMortgage, Inc. v. Lucas*, 2011-Ohio-3724.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

| | | |
|---|---|---|
| CITIMORTGAGE, INC., et al. | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.    24482 |
| v. | : | T.C. NO.    10CV8431 |
| LIBRA S. LUCAS, et al. | : | (Civil appeal from Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____29th____ day of ____July____, 2011.

. . . . . . . . . .

ERIN M. LAURITO, Atty. Reg. No. 0075531, 7550 Paragon Road, Dayton, Ohio 45459
        Attorney for Plaintiff-Appellee

LIBRA S. LUCAS, 30 Wells Drive, Springboro, Ohio 45066
        Defendant-Appellant

GEORGE PATRICOFF, Atty. Reg. No. 0024506, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Defendant-Appellee, Montgomery County Treasurer

. . . . . . . . . .

DONOVAN, J.

{¶ 1}   This matter is before the Court on the pro se Notice of Appeal of Libra Lucas,

filed

{¶ 2} February 11, 2011. On October 22, 2010, CitiMortgage, Inc. filed a "Complaint in Foreclosure and Notice Under the Fair Debt Collection Act" against Lucas, asserting that Lucas owed an outstanding principal balance of $82,767.81, plus interest, on a note secured by a mortgage deed held by CitiMortgage. Attached to the Complaint is a copy of the Fixed Rate Home Equity Loan Note and a copy of the Mortgage, both dated July 22, 2005, pursuant to which Lucas promised to pay "Citibank, Federal Savings Bank," the principal sum of $86, 463.00, along with interest. Also attached to the Complaint is a copy of an Assignment of Mortgage from CitiBank, Federal Savings Bank to Citifinancial Mortgage Company d/b/a Citifinancial Mortgage Company (DE), ("CMC"). The property at issue is located at 3367 Denlinger Road. On October 22, 2010, CitiMortgage filed a Preliminary Judicial Report rendered by the Ohio Bar Title Insurance Company.

{¶ 3} On November 19, 2010, Lucas filed an Amended Response to Complaint for Foreclosure. Although Lucas states in this motion that she is incorporating by reference her response filed on October 25, 2010, the record does not reflect any such response filed by Lucas on that date. Further, the record shows that Lucas was not even served with the Complaint herein until October 26, 2010. In her Amended Response, Lucas denies all allegations in the complaint.

{¶ 4} On January 3, 2011, CitiMortgage filed a Motion for Summary Judgment, asserting that Lucas "has made payments up to and including the July 28, 2009 installment, that she has failed to make any payments due thereon for August 28, 2009 and thereafter, and the Plaintiff has elected to call the entire balance of said account due and payable, in accordance with the terms of the note and mortgage, and that there is due and owing on the above loan the sum of $82, 767.81 with interest thereon at the rate of 7% per annum from July 28, 2009 until paid." Attached is the affidavit of Pam Weber, Document Control Officer of CitiMortgage, which

provides that CitiMortgage is the successor by merger of CMC, and which attests to Lucas' default on the loan and states that CitiMortgage is in possession of the original note and mortgage in this action. On January 11, 2011, CitiMortgage filed a Motion for Default Judgment. On January 11, 2011, CitiMortgage filed a "Final Judicial Report." Lucas did not oppose CitiMortage's motions.

{¶ 5} On January 14, 2011, the trial court issued a Judgment Entry sustaining CitiMortgage's motions. The court found that Lucas owed on the promissory note the principal sum of $82,767.81, with interest at the rate of 7% per annum from July 28, 2009, until paid, together with court costs, and the costs advanced by CitiMortgage. The trial court also found the Mortgage, recorded in Mortgage Record Instrument No. M05-074066, is a good and valid lien, and the first and best lien on the property.

{¶ 6} We initially note that Lucas, in her appellate brief, has failed to comply with App.R. 16, which mandates that an appellant include in her brief certain components, which are to be in a particular order and listed under individual headings. Further, App.R. 16(A)(3) requires that an appellate brief contain a "statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected." While Lucas' brief does contain a table of contents which lists a "Statement of Assignments of Errors," no such section, with the required heading, exists within the body of the brief. Further, App.R. 9 defines the composition of the record on appeal, and Lucas has attached numerous documents to her brief that are beyond the scope of our review. While Lucas is proceeding pro se, we note that "[l]itigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standard of other litigants. A litigant proceeding pro se 'cannot expect

or demand special treatment from the judge who is to sit as an impartial arbiter.'" (Citation omitted). *Dunina v. Stemple*, Miami App. No. 2007 CA 9, 2007-Ohio-4719. Despite the errors in Lucas' brief, we will address the merits of her appeal in the interest of justice.

{¶ 7} "Civ. R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. (Internal citations omitted). Our review of the trial court's decision to grant summary judgment is de novo." *Cohen v. G/C Contracting Corp.,* Greene App. No. 2006 CA 102, 2007-Ohio-4888.

{¶ 8} Having thoroughly reviewed the record, we conclude that there is no genuine issue of material fact, and the trial court properly granted summary judgment in favor of CitiMortgage. A copy of the assignment of the mortgage is attached to the Complaint, and Weber's affidavit provides that CitiMortgage is the successor by merger to CMC. Weber's affidavit further establishes Lucas' default in payments, CitiMortgage's acceleration of the debt, and the amount due. In response, Lucas did not present any evidentiary material demonstrating a genuine issue of material fact and accordingly failed to meet her burden of proof. Since CitiMortgage established that it is entitled to judgment as a matter of law, the judgment of the trial court is affirmed.

. . . . . . . . . .

GRADY, P.J. and FAIN, J., concur.

Copies mailed to:

Erin M. Laurito
Libra S. Lucas
George Patricoff
Hon. Mary L. Wiseman