[Cite as *Brazelton v. Brazelton*, 2012-Ohio-3593.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

JONATHAN BRAZELTON          :

    Plaintiff-Appellee          :          C.A. CASE NO.    24837

v.          :          T.C. NO.    08MSC369

CHRISTINE BRAZELTON          :          (Civil appeal from Common
                                                             Pleas Court, Probate Division)

    Defendant-Appellant          :

           :

. . . . . . . . . .

**O P I N I O N**

Rendered on the _____10th_____ day of _____August_____, 2012.

. . . . . . . . . .

RICHARD HEMPFLING, Atty. Reg. No. 0029986, 15 West Fourth Street, Suite 100, Dayton, Ohio 45402
    Attorney for Plaintiff-Appellee

CHRISTINE BRAZELTON, 2404 Olson Drive, Dayton, Ohio 45420
    Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

       **{¶ 1}** Christine Brazelton appeals from a judgment of the Montgomery County Court of Common Pleas, Probate Division, which awarded attorney fees, expenses,

and costs to Lawrence W. Henke III in the amount of $44,913.66. For the following reasons, the judgment of the probate court will be modified and will be affirmed as modified.

*Facts and Procedural History*

{¶ 2} In November 2008, Jonathan Brazelton ("Mr. Brazelton") filed a complaint for declaratory judgment related to the actions of his sister, Christine Brazelton, with whom he was the co-trustee of the Theodore A. Brazelton Trust. Theodore Brazelton ("Theodore") was the parties' father.[1] The complaint alleged that Ms. Brazelton was paying herself for Theodore's care and had instructed Merrill Lynch, with which the trust had its account, not to give information to Mr. Brazelton about the account. It also alleged that Theodore was "acutely confused and subject to undue influence and domination and undue control." The complaint asked the court to order Ms. Brazelton to provide Mr. Brazelton with access to the trust account and all account statements since January 2008, to produce the original trust document, and to produce receipts and/or other documentation for all of her expenditures from the account. The complaint further sought to have Ms. Brazelton removed as co-trustee due to her breach of her fiduciary duty and that she be ordered to pay attorney fees and costs associated with the action. Merrill Lynch was also made a party to these proceedings.

{¶ 3} The matter was set for a bench trial in September 2009. However, in August 2009, Ms. Brazelton's attorney filed a Motion for Leave to Withdraw as Counsel because he and Ms. Brazelton were "unable to agree as to the appropriate strategy for defending this matter." The probate court granted the attorney's motion for leave to

---

[1] Ms. Brazelton disputes Jonathan Brazelton's paternity, but this issue is not before us and is not relevant to this appeal.

withdraw and granted a continuance of the trial date.[2]

{¶ 4}   In September 2009, Ms. Brazelton hired Henke to represent her.   Over the next year and a half, numerous agreed entries were filed continuing the trial date while the parties continued to seek discovery and   attempted to reach a settlement.   During this time, the court granted Mr. Brazelton's request for a motion in limine, which prevented Ms. Brazelton from introducing evidence of recoupment, because it is an affirmative defense which she did not plead, and from introducing evidence regarding her claims against the estate, which the court found were not relevant to her alleged abuse of her fiduciary duty. The parties eventually agree to mediation and, in March 2011, the parties filed an agreed entry asking that the probate court dismiss the case because they had reached a settlement.

{¶ 5}   In April 2011, Henke filed a Motion/Application for Authority to Pay Reasonable Attorney Fees from Ms. Brazelton's share of the trust.   Henke sought a total of $44,913.66 in attorney fees, expenses, and costs.   Ms. Brazelton filed an "Answer," pro se, stating that she had "dismissed" Henke, that the case had been "settled and Dismissed," and that Henke's "habitual probate court missed-deadline filings * * * [and] consequent escalation of fees" were being investigated by the Dayton Bar Association.   She also stated that she "struggled with understanding" the fees and that the "issue should be discussed, negotiated and * * * decided" in the context of the "forced mediation after most, if not all, of Christine Brazelton's proof was excluded" by the court's ruling on Mr. Brazelton's motion in limine.   She claimed that she suffered losses as a result of Henke's handling of the case and

---

[2]Ms. Brazelton requested the continuance due to an injury she had suffered, which made it difficult "to help prepare her defense," although the probate court may also have considered counsel's withdrawal in granting the continuance.

that any decision on attorney fees should be delayed until these losses could be "weigh[ed]" and until the bar association matter was completed.

{¶ 6}    The probate court deferred its decision on the application for attorney fees until the bar association committee on fee disputes decided Ms. Brazelton's alleged claim. The court later determined that "the fee dispute was not being addressed elsewhere," i.e., by the DBA.

{¶ 7}    In August 2011, the probate court held a hearing on Henke's motion for approval of attorney fees and Ms. Brazelton's objections to Henke's motion. Following the hearing, the probate court found that the requested fees, which included expenses and costs, were fair and reasonable, that Ms. Brazelton owed Henke $44,913.66, and that this amount should be paid to Henke from Ms. Brazelton's portion of the trust.

*Arguments on Appeal*

{¶ 8}    Ms. Brazelton appeals, pro se, from the probate court's decision. As Henke points out in his brief, Ms. Brazelton's "brief" does not comply with App.R. 16(A), which requires, among other things, a table of contents, a table of authorities, a statement of the assignments of error, statements of the issues presented for review, and references to the record which support the arguments raised in the brief. These shortcomings are attributable to the fact that Ms. Brazelton is proceeding pro se, but we note that "[l]itigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standard of other litigants. A litigant proceeding pro se 'cannot expect or demand special treatment from the judge who is to sit as an impartial arbiter.'" *CitiMortgage, Inc., v. Lucas*, 2d Dist. Montgomery No. 24482, 2011-Ohio-3724, ¶ 6, citing *Dunina v. Stemple*, 2d Dist.

Miami No. 2007 CA 9, 2007-Ohio-4719. While we are mindful that such omissions authorize this court to either strike the offending portions of the brief or sua sponte dismiss the appeal, we will review the merits of Ms. Brazelton's claims in the interests of justice.

{¶ 9} In addition to her brief, Ms. Brazelton has filed several other documents in this appeal. It is not entirely clear whether all of these documents were intended to be filed in support of her claims in this case.[3] Nevertheless, in the interest of justice, we have reviewed and considered these other filings in determining this appeal.

{¶ 10} We review a probate court's award of attorney fees for an abuse of discretion. *In re Estate of Davidson*, 2d Dist. Montgomery No. 22943, 2009-Ohio-3014, ¶ 30. An abuse of discretion implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *In re Jane Doe I*, 57 Ohio St.3d 135, 137, 566 N.E.2d 1181 (1991); *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 11} Ms. Brazelton alleges that the probate court erred in granting Henke's motion for an award of attorney fees because Henke did not zealously represent her and "pad[ded] his fees."

{¶ 12} At the hearing, Michael Conway, an attorney with thirty years of experience who is certified in estate planning, testified to the reasonableness of Henke's fees. Conway stated that he had reviewed the fee agreement between Henke and Ms. Brazelton, Henke's billing statements, the various filings by the parties, the mediation agreement, and the trust document. Conway testified that $250 to $300 per hour was a reasonable hourly rate for an

---

[3]We note that Ms. Brazelton is a party in a matter presently pending in the Montgomery County Court of Common Pleas (*Christine Brazelton v. Lawrence W. Henke, III*, Mont. Cty. C.P. Case No. 2012-CV-1831).

attorney of Henke's experience, and that Henke's hourly rate of $200 per the fee agreement with Ms. Brazelton was "very reasonable." Conway further testified that Henke's total fee and the costs incurred in the case were very reasonable and necessary. Conway noted that, pursuant to Ms. Brazelton's fee agreement with Henke, Henke's fees were capped at $35,000 plus costs and expenses, and that Henke had worked many hours on the case that he had not billed, because of this limitation. According to Conway, Henke's bill would have been $11,000 to $12,000 higher if he had been able to bill all of this time and, in Conway's opinion, this amount would still have been reasonable for the work performed.

{¶ 13} Ms. Brazelton did not present any expert testimony about the reasonableness of Henke's fees, her representation by Henke, or their fee agreement. She testified on her own behalf about the perceived shortcomings in Henke's representation. She admitted that she had no knowledge of some of the allegations contained in her trial court filings, such as Henke's alleged close friendship with another attorney involved in the case or whether the personal delivery of documents to another attorney, as indicated on the billing statement, was reasonable. She admitted that she had sent emails expressing her satisfaction with Henke's representation, her belief that his fees were reasonable, and her gratitude that he was honoring the cap in their fee agreement just a few months before the hearing, after the settlement had been reached. Ms. Brazelton claimed that she made those statements without "full knowledge" and "before [she] knew how many times [Henke had] been delinquent." Ms. Brazelton testified that her conclusion that Henke had been delinquent in court filings was based on her own investigation through the court's website and involved conduct unrelated to this case.

**{¶ 14}** The probate court concluded that Henke had established the reasonableness of his fees, that his services were necessary, and that he had the requisite skills to perform the legal services. The court further found that, by signing the mediation agreement and the agreed entry dismissing the case, Ms. Brazelton had acquiesced in the settlement and had indicated that she was pleased with the results, that Henke's attorney fees were "fair and reasonable," and that the amount owed to him should be paid from Ms. Brazelton's share of her father's trust. The probate court did not abuse its discretion in reaching these conclusions.

**{¶ 15}** Ms. Brazelton did not present any evidence to substantiate her claim, on appeal, that Henke did not zealously represent her in this case, and she did not advance this argument in the probate court.

**{¶ 16}** Henke concedes, however, that the amount awarded by the probate court exceeded the amount to which he was entitled. The court awarded $44,913.66, the total amount of fees, expenses, and costs substantiated at the hearing, but Henke states in his brief that Ms. Brazelton had paid him $7,500 early in the litigation, which the probate court did not deduct from the amount it awarded. In other words, Henke states that the amount he is still owed is only $37,413.66. In light of this acknowledgment, the probate's court's judgment will be modified accordingly.

**{¶ 17}** Ms. Brazelton's arguments with respect to the probate court's judgment are overruled, except that the judgment will be modified to reflect the amount she has already paid toward Henke's fees.

*Conclusion*

{¶ 18}    The judgment of the probate court will be modified to reflect that Henke is entitled to additional payment of only $37,413.66.    The judgment will be affirmed as modified.

. . . . . . . . . .

FAIN, J. and FRENCH, J., concur.

(Hon. Judith L. French, Tenth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Richard Hempfling
Christine Brazelton
Hon. Alice O. McCollum