[Cite as *Paul v. WH Midwest, L.L.C.*, 2020-Ohio-1417.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

Aaron Paul, et al.                                    Court of Appeals No. OT-19-029

    Appellees                                      Trial Court No. CVH 1900336

v.

WH Midwest, LLC dba Wayne Homes          **DECISION AND JUDGMENT**

    Appellant                                      Decided:  April 10, 2020

* * * * *

Michael S. Gruber, Jason N. Bing, and Richard F. Protiva,
for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, WH Midwest, LLC dba Wayne Homes, appeals the July 3, 2019 judgment of the Ottawa County Municipal Court which stayed the proceedings for a definite period of time rather than until after arbitration was completed.   Because the proceedings should have been stayed until arbitration ended, we reverse.

{¶ 2} Appellees, Aaron and Deborah Paul, entered into an agreement for the construction of a new home with appellant in September 2017.  The construction contract

requires disputes between the parties to be referred for arbitration. In May 2019, appellees filed a complaint against appellant in Ottawa County Municipal Court, Small Claims Division, due to appellant failing to finish building the home prior to appellees moving into the home. Appellees alleged several items were not completed and appellant continued to work on the home for an extended time, despite appellees continuing to occupy the home while construction took place. Appellees sought damages due to the losses and costs associated with those delays, including lost wages and additional child care expenses.

{¶ 3} The matter was then transferred to Ottawa County Municipal Court's regular docket on June 7, 2019. The trial court at that time gave appellant 28 days to answer the complaint. Rather than answer, appellant moved to stay the proceedings pending arbitration. The trial court granted that request, but only stayed the matters until August 1, 2019. The trial court limited the stay until August 1, 2019, by writing on an otherwise typed order. This entry would have stayed the matter for approximately two months.

{¶ 4} Appellees filed a letter with the Ottawa County Municipal Court on July 29, 2019, which states that they wished to appeal the "latest" judgment entry by the trial court. This letter was labelled as a cross-appeal by the trial court and was entered as a cross-appeal by the clerk. In this letter, they also seek an extension of the time they were required "to answer their complaint and move to arbitration." They state they were unable to file an answer to the matter because they had an emergency with their daughter.

2.

Appellees fail to state an error by the trial court, but rather seem to seek an extension of time to file any necessary documents.

{¶ 5} Nonetheless, appellees have failed to file an appellate brief as required under App.R. 16(A). As appellees failed to provide this court an appellate brief with assignments of error for our review, the cross-appeal is dismissed. *Brazelton v. Brazelton*, 2d Dist. Montgomery No. 24837, 2012-Ohio-3593, ¶ 8.

{¶ 6} Appellant filed a notice of appeal from the trial court's July 3, 2019 judgment entry granting the limited stay of the proceedings. Appellant argues that the trial court abused its discretion when it only stayed the proceedings for a limited time rather than until after arbitration was completed.

{¶ 7} Appellant brings forward one assignment of error for our review:

> The Ottawa County Municipal Court erred as a matter of law in only staying proceedings until August 1, 2019 rather than "until the arbitration of the issue has been had in accordance with the agreement" as required by R.C. 2711.02(B).

{¶ 8} R.C. 2711.02(B) provides:

> If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application on one of the parties stay the trial of the action until the

3.

arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration.

{¶ 9} Such an order for stay is a final and appealable order which "may be reviewed, affirmed, modified, or reversed on appeal * * *." R.C. 2711.02(C).

{¶ 10} We review a trial court's decision regarding a motion to stay proceedings pending arbitration for an abuse of discretion. *Khaledi v. Nickris Properties, Inc.*, 6th Dist. Huron No. H-17-015, 2018-Ohio-3087, ¶ 7, citing *Ranazzi v. Amazon.com, Inc.*, 6th Dist. Lucas No. L-14-1217, 2015-Ohio-4411, ¶ 9. "The statute allows a court no discretion to deny an application for a stay where the applicant makes the required showing." *Fayette Drywall, Inc. v. Oettinger*, 2d Dist. Montgomery No. 28059, 2019-Ohio-48, ¶ 10, citing *Dorrian v. Scioto Conservancy Dist.*, 27 Ohio St.2d 102, 271 N.E.2d 834 (1971), paragraph one of the syllabus. An abuse of discretion "connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the court." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 11} R.C. 2711.02(B) specifically states that if the case revolves around an agreement where the action can be referred to arbitration, the trial court must stay the proceeding upon a parties' request "until the arbitration has been had." Appellant presented to the court information that demonstrated the parties had a written contract and that the written contract provided for disputes to be referred to arbitration. Appellant

4.

then sought a stay pursuant to R.C 2711.02(B).  The trial court was then required under R.C. 2711.02(B) to grant a stay of the matter until arbitration had "been had."  The statue unambiguously requires the trial court to grant such a stay.  In this matter, instead of ordering the proceeding to be stayed until the end of arbitration, the trial court only granted a stay until August 1, 2019.  This was an abuse of discretion as it clearly contradicts the language of the statute and the length of the stay was unreasonable.

{¶ 12} Therefore, appellant's sole assignment of error is well-taken.  The matter is reversed and remanded for proceedings in accordance with this decision.  The cross-appeal is dismissed for failure to file an appellate brief under App.R. 16(A).  Appellees are to pay the costs of this action pursuant to App.R. 24.

Judgment reversed
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.         

_____
JUDGE

Arlene Singer, J.         

Thomas J. Osowik, J.         
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.