> Judgment affirmed in part
> and reversed in part,
> and cause remanded.

KLINE and McFARLAND, JJ., concur.

STINGER et al., Appellants,

v.

ULTIMATE WARRANTY CORPORATION, Appellee.

[Cite as *Stinger v. Ultimate Warranty Corp.*, 161 Ohio App.3d 122, 2005-Ohio-2595.]

Court of Appeals of Ohio,
Fifth District, Muskingum County.

No. CT2004–0053.

Decided May 18, 2005.

---

Gary M. Smith, for appellants.

Laurie J. Avery, for appellee.

FARMER, Presiding Judge.

{¶ 1} On July 16, 2003, appellants, Carolyn Stinger and Robert Johnson, purchased a used 1997 Ford pickup truck from Lenherr Motors in Zanesville, Ohio. Appellants also purchased a warranty service contract issued by appellee, the Ultimate Warranty Corporation.

{¶ 2} On July 30, 2004, appellants filed a complaint against appellee claiming violations of the Ohio Consumer Sales Practices Act ("CSPA"), R.C. 1345.01 et seq. Appellants claimed that appellee had "engaged in unfair, deceptive and unconscionable promotional and advertising practices in soliciting the purchase" of its service contracts. Appellants sought class certification.

{¶ 3} On August 31, 2004, appellee moved to dismiss the complaint or compel arbitration pursuant to a clause in the service contract. By decision filed October 21, 2004, the trial court stayed the case and ordered the matter to arbitration.

{¶ 4} Appellants filed an appeal, and this matter is now before this court for consideration. Assignments of error are as follows:

## I

{¶ 5} "Plaintiffs' action did not seek enforcement of rights or obligations under the service contract terms. Plaintiffs' action sought only CSPA remedies, and only for deceptive, unfair and unconscionable advertising and promotional practices constituting unlawful acts separate from the service contract terms. The trial court therefore erred as a matter of law by finding that plaintiffs' action came within the arbitration clause."

## II

{¶ 6} "By the language appellee selected, its arbitration clause applies only to disputes 'regarding this service contract.' Consequently, as a matter of law the clause is not susceptible of an interpretation covering a class challenge to advertising and solicitation practices conducted prior to, separately from, and outside the terms of 'this' service contract. The trial court therefore erred in granting appellee's motion, since plaintiffs' claims do not fall within the limited scope of the clause as worded by appellee."

## III

{¶ 7} "The trial court erred as a matter of law in requiring plaintiffs to commence binding arbitration under forum rules that expressly allow the arbitrator to render a decision without regard to applicable law."

{¶ 8} Appellants challenge the trial court's finding that by the terms of the contract, the parties are bound to submit their dispute to binding arbitration. Appellants argue that the arbitration clause does not provide for arbitration of the issues sub judice within the limited scope of the clause and that the arbitration clause is contrary to public policy. We agree with appellants' position that the scope of the arbitration clause does not include the issues raised in the complaint.

{¶ 9} "The issue of whether a controversy is arbitrable under an arbitration provision of a contract is a question of law for the court to decide"; therefore, our standard of review is de novo. *Gaffney v. Powell* (1995), 107 Ohio App.3d 315, 319, 668 N.E.2d 951.

{¶ 10} The arbitration clause states the following:

{¶ 11} "The parties to this agreement mutually accept that all disputes regarding this service contract must be submitted to the Better Business Bureau for binding arbitration. Such disputes include, but are not limited to: claims for breach of warranty, claims for terms of warranty, and claims for quality of repairs and workmanship."

{¶ 12} Appellants claim that our decision in *Williams v. J&J Motors, Inc.* (September 29, 1997) Stark App. No. 1997CA00007, is applicable. In *Williams*, at 5–6, this court found, "Thus, where an action is brought challenging the validity, existence or requesting rescission of a contract* * *such action does not come within an arbitration clause of a contract and is a question for the trial court to decide."

{¶ 13} In order to determine whether the matter should be submitted to arbitration, we must first examine the scope of the arbitration clause and examine the nature of the claims set forth in the complaint.

## SCOPE OF THE CLAUSE

{¶ 14} The arbitration clause clearly states that "all disputes regarding this service contract" are subject to arbitration. The service contract is a warranty agreement checked "Platinum Protection." The designation "Platinum Protection" determines what is covered under the warranty. In the definitions section of the contract, the term "Contract" is defined as "this service agreement Contract" and "Coverage" is defined as "type of coverage You have chosen."

{¶ 15} Therefore, from the very terms of the contract, we find that the arbitration clause controls on all issues involving the actual warranty chosen by the purchaser.

## NATURE OF THE COMPLAINT

{¶ 16} The July 30, 2004 complaint alleges the following facts at ¶ 13:

{¶ 17} "13. Common questions of fact include, but are not limited to, the precise nature of defendant Ultimate Warranty's products as marketed to consumers in this state; the customary marketing techniques by which defendant Ultimate Warranty an [sic] its agents routinely promote its products or the sale of its products in this state; and the standard, routine practices and marketing materials by which defendant instructs, or with which defendant Ultimate Warranty provides, those who regularly solicit, sell, or administer claims concerning these products, etc."

{¶ 18} The complaint further alleges that in offering the warranty protection, agents of appellee used "standard consumer advertisement and solicitation" and that those "sales techniques" did not properly disclose the "limitations, exclusions, conditions and exceptions to the coverage." The complaint further alleges that the marketing techniques used did not fully disclose the terms of the contract.

{¶ 19} Appellants claim that appellee's practices constituted multiple violations:

{¶ 20} "Defendant's illegal acts and practices include, but are not limited to, violations of R.C. § 1345.02(A) and (B), sections (1), (2), (5), (8), and (10); R.C. § 1345.03(A) and (B), sections (1), (3), (5), and (6); and acts or practices declared to violate the CSPA by administrative regulation contained in Ohio Administrative Code § 109:4–3–02(A)(1), and/or by judicial decisions archived in the public inspection file of the Ohio Attorney General's Office prior to the events in question, non-exclusive examples of which include O.A.C. § 109:4–3–02; *Wrobel v. Carpets by Otto* (Toledo Muni.1998), (P.I.F. # 1691) and *State ex. rel Montgomery v. Household Products of Ohio, Inc.* (Hamilton CP 2001), (P.I.F. # 1968)."

{¶ 21} Appellants request "all remedies available under R.C. § 1345.09, including an award of attorney fees and litigation costs."

{¶ 22} R.C. 1345.09 provides private remedies for CSPA violations, including in a class action rescission or damages, injunctive relief, or "other appropriate relief" as determined by Civ.R. 23.

{¶ 23} The CSPA does not ban arbitration. *Eagle v. Fred Martin Motor Company,* 157 Ohio App.3d 150, 2004-Ohio-829, 809 N.E.2d 1161. However, it is clear that the complaint sub judice is not based upon the coverage in the service contract but on appellee's method of marketing and sales pitch to the consumer. Therefore, because the arbitration clause is limited, the claimed CSPA violations prior to finalization of the warranty agreement are not covered by the arbitration clause.

{¶ 24} Assignments of Error I and II are well taken. Assignment of Error III is rendered moot. The matter is reversed and remanded to the trial court for further adjudication pursuant to Civ.R. 23.

Judgment reversed
and cause remanded.

WISE and EDWARDS, JJ., concur.