JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant Carmen Molina (appellant) appeals from the trial court's decision to grant defendant-appellee Great Lakes National Mortgage Company's (Great Lakes) motion to stay proceedings pending binding arbitration. After reviewing the facts of the case and pertinent law, we reverse and remand.
 I. {¶ 2} On October 22, 2003, appellant entered into a contract with USA Builders, Inc. (USA) to have her basement waterproofed. On November 6, 2003, appellant entered into a second contract with USA for basement waterproofing at an increased price. Subsequently, the November 6, 2003 contract was modified to reflect another price increase, although it is unclear whether this modification was unilateral or bilateral. On December 31, 2003, appellant entered into a contract with Great Lakes to refinance her house via a home equity loan. The parties dispute the circumstances surrounding these contracts.
 {¶ 3} Appellant alleges that Great Lakes approached her with an offer to refinance her home so she could pay off some of her personal bills. Appellant claims that Great Lakes then told her she would need to get repairs done on her home before refinancing. Great Lakes arranged to have USA waterproof appellant's basement. Appellant claims that most of the money she received from the equity loan was used to pay USA. Appellant denies signing an arbitration agreement with Great Lakes and claims that the first time she saw the arbitration provision was when Great Lakes filed its motion to stay proceedings pending arbitration on January 19, 2005. It should be noted that appellant's native language is Spanish, and at the time she allegedly signed the documents that are the subject of this appeal, she understood and spoke little English.
 {¶ 4} According to Great Lakes, "in or around late 2003," appellant contracted with Great Lakes for refinancing in order to pay for home improvements. Additionally, according to Great Lakes, on October 22, 2003, appellant signed various closing documents relating to her home equity loan. However, these documents are not to be found in the record. Only two documents in the record are dated October 22, 2003: 1) the first of the waterproofing agreements with USA, and 2) a single page entitled "Arbitration Provision," listing appellant and Great Lakes as the parties, with appellant's signature at the bottom. All other documentation between appellant and Great Lakes is dated December 31, 2003.
 {¶ 5} On November 24, 2004, appellant filed a claim against Great Lakes and USA, inter alia, alleging fraud, violations of the Consumer Sales Practice Act, Home Solicitation Sales Act, Mortgage Broker Act, Home Ownership and Equity Protection Act and Truth in Lending Act, conversion, breach of fiduciary duty and civil conspiracy. Appellant claimed that USA did not finish waterproofing her basement, she never authorized releasing payment in full to USA, and Great Lakes is a sham operation designed to get more business for USA. Appellant also alleges that Jerry Ponsky, who was one of the loan officers she dealt with at Great Lakes, is an officer of USA. Additionally, according to the record, Micah Hilditch's name appears on two of the contracts in question: first, on the November 6, 2003 waterproofing contract as a representative of USA; and second, on the December 31, 2003 refinancing contract as a representative of Great Lakes. Jerry Ponsky and Micah Hilditch are the two individuals who appellant alleges solicited her to refinance her home.
 {¶ 6} On February 3, 2005, the trial court granted Great Lakes' motion to stay proceedings pending binding arbitration.
 II. {¶ 7} In her first assignment of error, appellant argues that "the trial court erred by not conducting a hearing when the plaintiff challenged the validity of the arbitration agreement." Specifically, appellant questions the validity of her signature on the arbitration provision and questions the validity of the arbitration provision in general based on fraud.
 {¶ 8} We review a trial court's denying or granting a motion to stay proceedings pending binding arbitration under an abuse of discretion standard. Simon v. Commonwealth Land Title Ins. Co., Cuyahoga App. No. 84553, 2005-Ohio-1007. A trial court abuses its discretion when its decision is unreasonable, arbitrary or unconscionable. See Blakemore v.Blakemore (1983), 5 Ohio St.3d 217. Ohio public policy favors arbitration as a form of alternative dispute resolution. See, e.g., Brennan v.Brennan (1955), 164 Ohio St. 29. However, a party cannot be compelled to arbitrate a dispute unless arbitration was agreed upon.
 {¶ 9} R.C. 2711.02 and 2711.03 govern arbitration agreements in Ohio. R.C. 2711.02 is entitled "Court may stay trial" and section (B) reads as follows:
"If any action is brought upon any issue referable to arbitration underan agreement in writing for arbitration, the court in which the action ispending, upon being satisfied that the issue involved in the action isreferable to arbitration under an agreement in writing for arbitration,shall on application of one of the parties stay the trial of the actionuntil the arbitration of the issue has been had in accordance with theagreement, provided the applicant for the stay is not in default inproceeding with arbitration."
(Emphasis added.)
 {¶ 10} R.C. 2711.03 is entitled "Enforcing arbitration agreement" and section (B) reads as follows:
"If the making of the arbitration agreement or the failure to performit is in issue in a petition filed under division (A) of this section,the court shall proceed summarily to the trial of that issue."
(Emphasis added.)
 {¶ 11} In McDonough v. Thompson, Cuyahoga App. No. 82222, 2003-Ohio-4655, we held that:
"R.C. 2711.03 clearly provides that when the validity of thearbitration clause is itself at issue the trial court is required toconduct a hearing to determine the legitimacy of the arbitration clausebeing challenged. Consistent with the statute, this court has repeatedlyheld that the trial court must conduct a hearing when the validity of anarbitration clause is in dispute. Even though R.C. 2711.03 does notnecessarily require the trial court to conduct a trial, it must,nonetheless, proceed summarily to trial when it finds that the validityof the arbitration agreement is in issue and the party challenging it hassufficient evidence supporting its claim. `When determining whether atrial is necessary under R.C. 2711.03, the relevant inquiry is whether aparty has presented sufficient evidence challenging the validity orenforceability of the arbitration provision to require the trial court toproceed to trial before refusing to enforce the arbitration clause.'"
(Internal citations omitted.)
 {¶ 12} In reading these two statutory provisions together, R.C. 2711.02
allows a court to stay its proceedings pending arbitration (indirect enforcement), while R.C. 2711.03 allows a court to compel the parties to arbitrate a dispute (direct enforcement). In granting motions to stay proceedings under R.C. 2711.02, a trial court is not required to hold a hearing; rather, it must be "satisfied" that arbitration is proper. SeeMaestle v. Best Buy Co., Cuyahoga App. No. 79827, 2005-Ohio-4120.
 {¶ 13} In enforcing motions to compel arbitration under R.C. 2711.03, the trial court must engage in a two-step process. First, the court is mandated to hold a hearing to determine whether the validity of the arbitration provision is in issue in the case at hand. Second, if the court finds this is an issue, "it shall proceed summarily to the trial." See Dunn v. L M Bldg., Inc. (Oct. 26, 2000), Cuyahoga App. No. 77399. In summary, a trial court is only required to hold a hearing when it contemplates directly enforcing an arbitration agreement via a motion to compel filed under R.C. 2711.03. Maestle v. Best Buy Co.,100 Ohio St.3d 330, 2003-Ohio-6465.
 {¶ 14} In the instant case, appellant asserts that she never signed an arbitration agreement, and, in the alternative, if she did sign one, it was a result of fraud on the part of Great Lakes.
As evidence to support this argument, appellant submitted 19 pages of loan agreement documents, dated December 31, 2003. Appellant signed and dated the last page of the agreement and initialed all other pages. This agreement does not contain an arbitration provision. Appellant also submitted three waterproofing contracts, one dated October 22, 2003 and two dated November 6, 2003. No arbitration agreement is included in the waterproofing contracts.
 {¶ 15} Great Lakes, on the other hand, submitted one exhibit in support of its argument that appellant did agree to arbitration — an arbitration provision with appellant's signature, dated October 22, 2003. The allegation that appellant signed an arbitration agreement more than two months prior to entering into a contract is suspect and should have alerted the court that the validity of the arbitration agreement was an issue.
 {¶ 16} As stated in McDonough, supra, we have consistently held that when the validity of an arbitration provision is disputed under a R.C.2711.03 motion to compel arbitration, the trial court must hold a hearing. See, e.g., Dunn v. L M Bldg., Inc., supra; Benson v. SpitzerMgmt. (Sept. 7, 2004), Cuyahoga App. No. 83558.
 {¶ 17} However, according to the record in the instant case, Great Lakes filed a motion to stay proceedings under R.C. 2711.02. Therefore, Great Lakes argues, it is within the court's discretion whether to hold a hearing regarding the validity of the arbitration provision. Great Lakes urges us to consider that they never filed a motion to compel arbitration under R.C. 2711.03 and that a hearing regarding arbitrability was not required.
 {¶ 18} Great Lakes puts too fine a point on the distinction between the two statutory provisions, as applied to the outcome of the case at hand. We agree that a hearing is not required under R.C. 2711.02; however, the court must be satisfied of arbitrability before granting a motion to stay. "To defeat a motion for stay brought pursuant to R.C.2711.02, a party must demonstrate that the arbitration provision itself in the contract at issue, and not merely the contract in general, was fraudulently induced." ABM Farms, Inc. v. Woods (1998), 81 Ohio St.3d 498,502. A claim for fraudulent inducement relates to the facts surrounding execution, rather than content, of the contract or contract provision. Id. In the instant case, appellant is challenging the execution of the arbitration provision itself. However, there is no evidence in the record that the trial court took this into consideration when granting Great Lakes' motion to stay. Great Lakes' actions are so suspect, it amounts to an abuse of discretion to not take them into account in order to satisfy itself that the arbitration provision in question was valid. SeeMaestle, supra, at 334 (holding that "R.C. 2711.02 and 2711.03 both require a trial court to determine ultimately whether an arbitration provision is enforceable," using satisfaction and a hearing, respectively, as means to the same ends).
 {¶ 19} Accordingly, although not mandated in the case at hand, the court abused its discretion by failing to satisfy itself that the arbitration agreement was valid before granting the motion to stay. Appellant's first assignment of error has merit and is sustained.
 III. {¶ 20} In appellant's second assignment of error, she argues that "the trial court erred by not finding that the arbitration agreement is unconscionable." An allegation that an arbitration clause is unconscionable puts the validity of that provision at issue and requires the court to make a finding regarding enforceability. See, e.g., Bensonv. Spitzer Mgmt., Cuyahoga App. No. 83558, 2004-Ohio-4751 (holding that "an arbitration clause is not enforceable if it is found by the court to be unconscionable"). Under Ohio law, a contract provision must be declared both procedurally and substantively unconscionable before it becomes unconscionably unenforceable. Collins v. Click Camera Video,Inc. (1993), 86 Ohio App.3d 826, 834. Procedural unconscionability is when "the individualized circumstances of the parties were such that no voluntary meeting of the minds was possible," and substantive unconscionability is when "the terms of the contract are unfair and unreasonable." Retail Credit Corp. v. Shorterage (Apr. 25, 1996), Cuyahoga App. No. 69465.
 {¶ 21} Appellant argues that the arbitration provision in question is procedurally unconscionable for the same reasons listed in her first assignment of error, namely that if she signed the agreement at all, it was through the deception and fraud of Great Lakes. Additionally, appellant argues that the clause is substantively unconscionable as to the payment of arbitration fees and costs; in that it is an adhesion contract; and in that there are no required warnings regarding waiving the parties' rights.
 {¶ 22} In the instant case, the record is not well developed as to the specific details of the execution of the arbitration clause or the court's findings and reasoning in granting Great Lakes' motion to stay proceedings pending arbitration. Therefore, we reverse and remand this matter to develop the record as to whether the arbitration agreement is unconscionable. See Sikes v. Ganley Pontiac Honda (Sept. 13, 2001), Cuyahoga App. No. 79015. See, also, Women's Federal Savings and LoanAssn. v. Potz (Nov. 17, 1983), Cuyahoga App. No. 46690 (holding that where a contract may be unconscionable, the parties should be afforded an evidentiary hearing).
 IV. {¶ 23} In appellant's third and final assignment of error, she argues that "the trial court erred by submitting all of plaintiff's claims against Great Lakes to arbitration." Specifically, appellant argues that only her breach of fiduciary duty claim against Great Lakes is governed by the arbitration agreement in question, should that agreement be held valid and enforceable. Ohio courts have held that "where an action is brought challenging the validity, existence or requesting rescission of a contract * * * such action does not come within an arbitration clause of a contract and is a question for the trial court to decide." Stinger v.Ultimate Warranty Corp., 161 Ohio App.3d 122, 125, 2005-Ohio-2595. (Internal citations omitted.) See, also, Coble v. Toyota of Bedford,
Cuyahoga App. No. 83089, 2004-Ohio-238 (holding that "a presumption arises favoring arbitration when the claim in dispute falls within the scope of the arbitration provision"); Neubrander v. Dean WitterReynolds, Inc. (1992), 81 Ohio App.3d 308, 311 (holding that a claim of arbitration should be upheld "unless it may be said with positive assurance that the subject arbitration clause is not susceptible to an interpretation that covers the asserted dispute"). Appellant's third assigned error is sustained insomuch as the trial court failed to determine the scope of the arbitration clause at issue.
 {¶ 24} In summary, we reverse and remand this case to the trial court so that it may make findings, via a hearing or otherwise, on the validity, enforceability and scope of the arbitration agreement, and, if appropriate, modify its judgment accordingly.
Judgment reversed and remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellees costs herein.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, JR., P.J. concurs.
 Corrigan, J., Dissents (see Attached dissenting Opinion.)