DECISION AND JUDGMENT ENTRY
{¶ 1} This matter comes before the court on appeal from the Lucas County Court of Common Pleas wherein the court denied a motion to stay. Because we find no abuse of discretion, we affirm.
 {¶ 2} This case involves the renovation of a multi-family residential complex. On March 25, 2003, appellee, Construction Technologies, LLC, ("construction") entered into a contract with appellant, Southbridge Housing Partners, L.P., ("Southbridge") to perform renovation work on an apartment building owned by Southbridge. The contract sum was $1,200,000. On February 25, 2005, Construction filed a breach of contract action against Apollo Housing Capital, LLC ("Apollo") stating that they had fully performed under the contract but had not been paid the full contract sum. Apollo's name does not appear anywhere on the renovation contract. Construction alleged that Apollo was the asset manager who represented a group of investors for the Southbridge property. According to their complaint, Construction and Apollo entered into an oral agreement in April 2003 whereby Apollo agreed to fund the renovation project and make all decisions related to payment for the work performed. In accordance with the agreement, Apollo paid Construction $43,460.11 on May 23, 2003, $383,894.44 on June 16, 2003, and $243,085.69 on July 24, 2003. Construction alleged that Apollo owed them the balance of the contract sum, $310,121.19.
 {¶ 3} On September 30, 2005, Southbridge filed a motion for leave to intervene in the case and file a complaint instanter against Construction and third party defendant, Cohen-Esrey Real Estate Services, Inc. In their complaint, Southbridge alleged that Apollo never had any obligation to pay Construction. Southbridge attached a copy of the contract they entered into with Construction. Southbridge alleged that Construction chose to sue Apollo because Southbridge is insolvent. Southbridge blamed their insolvency on the negligence of Construction and their real estate management company, Cohen-Esrey. Southbridge essentially accused Construction of failing to complete the renovation project in a timely manner causing Southbridge to lose revenue and ultimately the apartment building to foreclosure.
 {¶ 4} Also on September 30, 2005, Southbridge and Apollo filed a motion to stay Construction's claims and any other applicable claims in the case based on an arbitration clause in the contract between Southbridge and Construction. On February 7, 2006, the trial court denied the motion to stay finding that Southbridge had failed to request arbitration within a reasonable time. Southbridge and Apollo now appeal setting forth the following assignments of error:
 {¶ 5} "I. The trial court abused its discretion in denying the motion to stay on the purported basis that Southbridge was in default in proceeding with arbitration.
 {¶ 6} "II. The trial court's abuse of discretion was prejudicial as this case should be stayed pending arbitration."
 {¶ 7} Appellants' assignments of error will be addressed together. Generally, the standard of review for a decision granting or denying a motion to stay proceedings pending arbitration is abuse of discretion.Stoll v. United Magazine Co., 10th Dist. No. 03AP-752, 2004-Ohio-2523, ¶ 18; Atkinson v. Dick Masheter Leasing II, Inc., 10th Dist. No. 01AP-1016, 2002-Ohio-4299, ¶ 17. A trial court's grant or denial of a stay based solely upon questions of law, however, is reviewed under a de novo standard. See Fortune v. Castle Nursing Homes, Inc. (2005),164 Ohio App.3d 689, 2005-Ohio-6195; Porpora v. Gatliff Building Co. (2005),160 Ohio App.3d 843, 2005-Ohio-2410; Dunkelman v. Cincinnati Bengals,Inc. (2004), 158 Ohio App.3d 604, 2004-Ohio-6425.
 {¶ 8} Whether the contractual right to arbitration has been waived is a mixed question of both factual issues and the weight to be given those facts under the applicable legal standard. See Dunkelman, supra;Smith v. Kreepy Krauly USA (Jan. 18, 2001), 4th Dist. No. 00CA2709. In other words, although questions of law may be reviewed de novo, the trial court's ultimate determination of whether the right to demand arbitration has been waived will be reviewed under an abuse of discretion standard. Abuse of discretion connotes more than an error of law or judgment; it implies that the court acted arbitrarily, unreasonably, or unconscionably. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 9} The arbitration clause at issue in this case states as follows:
 {¶ 10} "Claims, disputes and other matters in question arising out of or relating to the contract that are not resolved by mediation, except matters relating to aesthetic effect and except those waived as provided for in Paragraph 9 11 and subparagraphs 14 5.3 and 14 5.4 shall be decided by arbitration which, unless the parties mutually agree otherwise, shall be in accordance with the construction industry arbitration rules of the American Arbitration Association currently in effect. The demand for arbitration shall be filed in writing with the other party to this agreement and with the American Arbitration Association and shall be made within a reasonable time after the dispute has arisen."
 {¶ 11} Arbitration is generally favored in Ohio because its purpose is "to avoid needless and expensive litigation." Fairfield Eng. Co. v.Anchor Hocking Corp. (Apr. 10, 1986), 3d Dist. No. 9-84-37, quotingSpringfield v. Walker (1885), 42 Ohio St. 543, 546.
 {¶ 12} Arbitration is encouraged as a method to settle disputes and a presumption arises when the claim in dispute falls within the scope of the arbitration provision. Battle v. Bill Swad Chevrolet, Inc. (2000),140 Ohio App.3d 185, 188, citing Williams v. Aetna Fin. Co. (1998),83 Ohio St.3d 464, 471. Nevertheless, the right to arbitrate, like any other contractual right, may be implicitly waived. Rock v. MerrillLynch, Pierce, Fenner Smith, Inc. (1992), 79 Ohio App.3d 126, 128. Since Ohio public policy strongly favors arbitration, however, the party asserting a waiver has the burden of proving it. Atkinson, supra. A party asserting waiver must establish that (1) the waiving party knew of the existing right to arbitrate; and (2) the totality of the circumstances demonstrate the party acted inconsistently with the known right. Id. ¶ 20.
 {¶ 13} When considering the totality of circumstances, a court may be guided by the following factors: (1) whether the party seeking arbitration invoked the jurisdiction of the court by filing a complaint, counterclaim, or third-party complaint without asking for a stay of the proceedings; (2) the delay, if any, by the party seeking arbitration to request a stay of the judicial proceedings, or an order compelling arbitration; (3) the extent to which the party seeking arbitration has participated in the litigation, including a determination of the status of discovery, dispositive motions, and the trial date; and (4) whether the nonmoving party would be prejudiced by the moving party's prior inconsistent actions. See Baker-Henning Productions, Inc. v. Jaffe (Nov. 7, 2000), 10th Dist. No. 00AP-36.
 {¶ 14} In finding two years to be an unreasonable delay, the trial court cited several cases including Richard L. Bowen Assoc. v. 1200West 9th Street, Ltd. Partnership (Oct. 24, 1991), 8th Dist. No. 61573, wherein the court found that a demand for arbitration made approximately one year from the date of the last invoice was unreasonable. See, also,Bd. of Seneca Cty. Commrs. v. Luke Theis Ent., Inc,. (Dec.1, 1995), 3d Dist No. 13-95-18; City of Vermillion v. Willard Const. Co. (July 19, 1995), 9th Dist No. 94CA006008, (Twenty month delay in seeking arbitration found to be unreasonable.)
 {¶ 15} The record shows that the renovation project was completed on or about August 20, 2003. There is no evidence that Southbridge raised any complaints regarding Construction's workmanship prior to filing their motion to stay. Southbridge and Apollo did not seek arbitration until two years later on September 30, 2005. Based on the totality of the circumstances in this case, we cannot say that the trial court abused its discretion in denying Southbridge's and Apollo's motion to stay. Appellants' two assignments of error are found not well-taken.
 {¶ 16} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
PETER M. HANDWORK, J., JUDGE; ARLENE SINGER, P.J., JUDGE; WILLIAM J. SKOW, J., JUDGE Concur.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.