[Cite as *Oney v. Dixie Imports, Inc.*, 2018-Ohio-913.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| LORA ONEY, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2017-06-077 |
| | : | O P I N I O N |
| - vs – | | 3/12/2018 |
| | : | |
| DIXIE IMPORTS, INC., | : | |
| Defendant-Appellant. | : | |


CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2016-09-2146


Elizabeth Ahern Wells, Ronald L. Burdge, Scarlett M. Steuart, 8250 Washington Village Drive, Dayton, Ohio 45458, for plaintiff-appellee

Richard L. Hurchanik, Timothy R. Evans, 110 North Third Street, Hamilton, Ohio 45011, for defendant-appellant


**RINGLAND, J.**

{¶ 1} Defendant-appellant, Dixie Imports, Inc., appeals from a decision of the Butler County Court of Common Pleas denying its motion to stay proceedings pending arbitration in a suit brought by plaintiff-appellee, Lora Oney. For the reasons detailed below, we affirm the decision of the trial court.

{¶ 2} On September 20, 2016, Oney filed a complaint against Dixie Imports, alleging

violations of the Ohio Consumer Sales Practices Act, violations of the Motor Vehicle Sales and Repair Rules, and claims of fraud and deceit. The complaint alleges that Oney entered into a contract with Dixie Imports to purchase a used 2008 Buick Enclave. At the time of purchase, Oney signed a Buyers Guide [sic], a Retail Purchase Agreement, Agreement to Arbitrate, and a separate Vehicle Protection Plan.[1]

{¶ 3} The Retail Purchase Agreement set forth that the vehicle was being sold "as-is" and that Dixie Imports "disclaim[ed] all warranties, express and implied, including any implied warranties of merchantability and fitness for a particular purpose." The Retail Purchase Agreement also contained a box that provided "IF MARKED, PLEASE SEE ATTACHED ARBITRATION AGREEMENT — FEX-f44 Formerly 818199-14462." This box was not marked.

{¶ 4} Oney also signed a separate document titled "Agreement to Arbitrate," which stated:

> By entering into this Agreement to Arbitrate ("Agreement"), Customer(s) and Dealership, including any Assignee (collectively referred to as "the Parties") agree, except as otherwise provided in this Agreement, to settle by binding arbitration any dispute between them regarding: (1) the purchase by Customer(s) of the above-referenced Vehicle; (2) any products and services purchased in conjunction with the Vehicle; (3) any financing obtained in connection with the transaction; and/or (4) any dispute with respect to the existence, scope or validity of this Agreement.

The Agreement to Arbitrate document includes the provision: "THIS AGREEMENT IS INCORPORATED BY REFERENCE INTO THE RETAIL PURCHASE AGREEMENT."

{¶ 5} According to the complaint, after taking possession of the vehicle, Oney discovered the vehicle was "riddled with defects, and the extended service plan was

---

1. The Buyers Guide [sic] is another document stating that the purchase of the vehicle is "AS IS – NO WARRANTY." The Vehicle Protection Plan is a separate agreement between Oney and Auto Services Company, Inc.

essentially worthless, because none of the defects are covered under the extended service plan." Oney complained of problems with the vehicle's transmission, steering, "check engine light, stabilitrac [sic] message, [and] remote state inoperative."

{¶ 6} Oney's complaint was filed on September 30, 2016 and service was complete upon Dixie Imports on October 11, 2016. Dixie Imports' counsel filed a notice of appearance on October 12, 2016. Dixie Imports then filed an offer to cure on October 28, 2016. Shortly thereafter, Dixie Imports moved for and was granted additional time to respond to the complaint.

{¶ 7} On December 7, 2016, Dixie Imports filed a motion for a more definite statement. On January 9, 2017, Oney filed an amended complaint. Dixie Imports then filed a second memorandum in support of its motion for a more definite statement. This time, Dixie Imports acknowledged that Oney's amended complaint cleared any deficiency with respect to Civ.R. 10. However, Dixie Imports based its second memorandum on its belief that Oney failed to use "better practice[s]" in filing her complaint. On February 13, 2017, the trial court denied Dixie Imports' motion for a more definite statement. On February 17, 2017, Dixie Imports filed its answer to the complaint, as well as a motion to stay. In its motion to stay, Dixie Imports, for the first time, attached the Agreement to Arbitrate document. The Agreement to Arbitrate document did not include any accompanying affidavits attesting to its veracity until March 29, 2017, when Dixie produced an affidavit from Earl Burns.

{¶ 8} On May 22, 2017, the trial court denied Dixie Imports' motion to stay proceedings pending arbitration of the dispute. The trial court examined the language set forth in the Retail Purchase Agreement and determined that the Retail Purchase Agreement did not provide for arbitration because the arbitration box was not marked. The trial court further determined that even if there was a contractual agreement to arbitrate the dispute, Dixie Imports had waived its right to arbitration based on the four-month delay that occurred

between Oney's filing of the complaint and Dixie Imports' demand for arbitration. The trial court noted that during this delay, Dixie Imports actively participated in the proceedings, sought discovery, set the matter for trial, and filed a cure offer with the court.

{¶ 9} Dixie Imports now appeals from the trial court's denial of its motion to stay proceedings pending arbitration, raising a single assignment of error for review:

{¶ 10} THE TRIAL COURT ERRED WHEN IT DENIED THE DEFENDANT'S MOTION TO STAY THE CASE UNTIL ARBITRATION COMPLETED.

{¶ 11} In its sole assignment of error, Dixie Imports argues the trial court erred by finding the contract ambiguous as to the arbitration agreement and failing to enforce the agreement. In addition, Dixie Imports argues the trial court erred by finding that it waived its right to arbitrate. We resolve this issue by reviewing the trial court's waiver analysis, and conclude that the trial court did not abuse its discretion by determining that Dixie Imports waived its right to arbitrate.

{¶ 12} Either party to a contract may waive the right to arbitrate. *Georgetowne Condominium Owners Assn. v. Georgetowne Ltd. Partnership & Homes by Calkins, Inc.*, 12th Dist. Warren No. CA2002-02-010, 2002-Ohio-6683, ¶ 7. A plaintiff may waive its right to arbitration by filing the lawsuit. *Id.* "When the opposite party is confronted with a filed lawsuit, the right to arbitrate can be saved by seeking enforcement of the arbitration clause by application to stay the legal proceedings pending the arbitration." *Id.* The "[f]ailure to move for a stay, coupled with responsive pleadings, will constitute a defendant's waiver." *Harsco Corp. v. Crane Carrier Co.*, 122 Ohio App.3d 406, 412 (3d Dist.1997). In addition, an arbitration provision may be waived by a defendant's express words or by necessary implication. *Patrick v. Dixie Imports, Inc.*, 12th Dist. Butler No. CA2017-05-063, 2017-Ohio-9093, ¶ 21.

{¶ 13} "To prove waiver, the complainant must demonstrate, based on the totality of the circumstances, that the defending party (1) knew of an existing right to arbitration and (2) acted inconsistently with that right." *Id.* at ¶ 22. "There are no talismanic formulas for determining the existence of an implicit waiver, and no one factor can be isolated or singled out to achieve controlling weight." *Georgetowne* at ¶ 12. "Instead, courts often must undertake a case-by-case review of all relevant facts and circumstances to examine the nature and extent of a particular party's participation in the litigation to determine whether it should be held to prevent the assertion of a right to arbitration." *Atkinson v. Dick Masheter Leasing II, Inc.*, 10th Dist. Franklin No. 01AP-1016, 2002-Ohio-4299, ¶ 21.

{¶ 14} In determining whether a defendant acted inconsistently with the right to arbitrate, a court may consider the following circumstances: (1) whether there were any delays in the demand for arbitration; (2) the extent of the requesting party's participation in the litigation prior to filing its motion to stay the judicial proceeding, including a determination of the status of discovery, dispositive motions, and the trial date; (3) whether the requesting party invoked the jurisdiction of the court by filing a counterclaim or third-party claim without asking for a stay of the proceedings; and (4) whether the nonrequesting party has been prejudiced by the requesting party's inconsistent acts. *Patrick* at ¶ 22, citing *Georgetowne* at ¶ 13.

{¶ 15} A trial court's determination that the right to arbitrate has been waived is reviewed on appeal under an abuse-of-discretion standard of review. *Id.* at ¶ 20. An abuse of discretion connotes more than an error of law or judgment; it implies the trial court acted unreasonably, arbitrarily, or unconscionably. *Bowman v. Leisz*, 12th Dist. Warren No. CA2014-02-029, 2014-Ohio-4763, ¶ 17. "When applying the abuse-of-discretion standard, a reviewing court may not substitute its judgment for that of the trial court." *Patrick* at ¶ 20.

{¶ 16}   The trial court found that Dixie Imports had acted inconsistently with its right to arbitrate because it did not assert its right until more than four months after the filing of the complaint.  Following the filing of the complaint, Dixie filed an offer to cure, moved for an extension of time, and filed a motion for a definite statement with two supporting memoranda.  In addition, Dixie Imports participated in pretrial conferences during which the trial court set the trial date.  Nevertheless, Dixie Imports did not assert its right to arbitration until months after the filing of the complaint, and even then, it only attached a one-page document purporting to be an arbitration agreement.  As the trial court correctly noted "[o]ther than being attached to the *Motion to Stay Case*, the document is not verified and simply referred to as an exhibit in the *Motion to Stay Case*.  Instead, [Dixie Imports] filed on March 29, 2017, over 30 days later, the *Affidavit of Earl Burns*, in which he averred to the veracity of the document attached to the *Motion to Stay Case*."  (Italics in original.)

{¶ 17}   Following a review of the case law and, after considering the totality of the circumstances in this case, we conclude that the trial court did not abuse its discretion in finding that Dixie Imports had waived its right to arbitration.  The trial court's decision was not arbitrary, unreasonable, or unconscionable.  Though a four-month delay in asserting one's right to arbitration is not a particularly lengthy amount of time, this court has previously found waiver under similar circumstances where the delay, combined with a party's knowledge of an arbitration provision and its participation in litigation demonstrates a waiver of the right to participate.  *See, e.g., Patrick*, 2017-Ohio-9093 at ¶ 24.  As in *Patrick*, the resolution of Oney's claims was delayed by Dixie Imports' actions, and Oney was forced to respond to Dixie Imports' various motions.  Dixie Imports, through its own volition, could have timely moved to stay proceedings rather than engaging in months of motion practice.

{¶ 18}   Accordingly, we find the trial court did not abuse its discretion by determining that Dixie Imports waived its right to arbitration by participating in the litigation in a manner

inconsistent with its right to arbitrate.  Dixie Imports' sole assignment of error is overruled.

{¶ 19}   Judgment affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.