[Cite as *Khaledi v. Nickris Properties, Inc.*, 2018-Ohio-3087.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

| | |
|---|---|
| Jessica Khaledi, et al. | Court of Appeals No. H-17-015 |
| Appellants | Trial Court No. CVH 2017 0573 |
| v. | |
| Nickris Properties, Inc., et al. | **DECISION AND JUDGMENT** |
| Appellees | Decided: August 3, 2018 |

* * * * *

Daniel J. Myers and Samantha A. Vajskop, for appellants.

Philip J. Truax and Michael R. Nakon, for appellees.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Plaintiffs-appellants, Jessica and Kayvon Khaledi, appeal the September 18, 2017 judgment of the Huron County Court of Common Pleas which granted the motion of appellees, Nickris Properties, Inc., dba Premier Construction Services, and Mark Smith, to stay the matter pending arbitration of the parties' dispute. We find that the

arbitration provision was enforceable and not unconscionable and the court did not abuse its discretion by granting the stay.

{¶ 2} The relevant facts of this case are as follows. On March 1, 2016, appellants and appellees entered into a home remodeling contract. The contract provided the scope of work which involved extensive renovations to several rooms in appellants' home as well as the construction of a two-car garage. The contract estimated the cost at $97,416 and required a 25 percent down payment. The contract provided for dispute resolution by arbitration stating: "Arbitration by the American Arbitration Association will be used to settle any outstanding disputes with administrative costs shared mutually by the Owner and Premier Construction Services."

{¶ 3} During construction, appellants made several deletions to the scope of the work stating they were dissatisfied with the duration and other aspects of the project. Ultimately, on June 1, 2017, appellants commenced the instant action asserting claims for breach of contract and negligence in appellees' alleged failure to perform in a workmanlike manner and fraud and misrepresentation claims relating to appellees' alleged failure to obtain the necessary work permits and making various false statements. The complaint also contained claims under the Home Construction Service Supplier Act (HCSSA) and the Consumer Sales Practices Act (CSPA).

{¶ 4} On July 28, 2017, appellees filed a motion pursuant to R.C. 2711.02 to stay the proceedings pending arbitration. Appellees stated that the claims raised by appellants

2.

fell within the broad scope of the arbitration clause contained in the parties' contract and, thus, were subject to arbitration.

{¶ 5} While the motion to stay the proceedings was pending, appellees filed a notice with the court of the July 26, 2017 cure offer sent to appellants. The letter, tendered pursuant to R.C. 1345.092, indicated, in part:

> Although Premier denies the allegations set forth in the Complaint, Premier prefers to resolve this dispute amicably rather than through protracted litigation or arbitration (noting that we will be filing a motion to stay the lawsuit pending arbitration pursuant to the parties' written contract.)

{¶ 6} On September 18, 2017, the trial court granted the motion to stay and this appeal followed with appellants raising one assignment of error on appeal:

> The trial court committed reversible error when it granted defendants-appellees' motion to stay proceedings pending arbitration.

{¶ 7} At the outset we set forth the relevant standards of review. We review a decision regarding a motion to stay proceedings pending arbitration for an abuse of discretion. *Ranazzi v. Amazon.com, Inc.*, 6th Dist. Lucas No. L-14-1217, 2015-Ohio-4411, ¶ 9, citing *Construction Technologies, LLC v. Southbridge Housing Partners, LP*, 6th Dist. Lucas No. L-06-1080, 2006-Ohio-6630, ¶ 7. However, review of a judgment regarding the unconscionability (a question of law) of an arbitration provision is reviewed de novo, with the trial court's factual findings accorded deference. *Id.*, citing *Hussein v.*

3.

*Hafner & Shugarman Ents., Inc.*, 176 Ohio App.3d 127, 2008-Ohio-1791, 890 N.E.2d 356, ¶ 22-23 (6th Dist.).

{¶ 8} Appellants' sole assignment of error makes several arguments as to why the court erred when it granted appellees' motion to stay. We will address appellants' procedural, waiver argument first.

**Waiver**

{¶ 9} Appellants argue that appellees waived the right to demand arbitration by submitting to the jurisdiction of the court. Appellants correctly state that the right to arbitrate may be waived. *Donnell v. Parkcliffe Alzheimer's Community*, 6th Dist. Wood No. WD-17-001, 2017-Ohio-7982, ¶ 20, citing *Travelers Cas. and Sur. Co. v. Aeroquip-Vickers, Inc.*, 6th Dist. Lucas No. L-06-1201, 2007-Ohio-5305, ¶ 34. In *Donnell*, we observed:

> "Waiver may attach where there is active participation in a lawsuit demonstrating an acquiescence to proceeding in a judicial forum." [*Buyer v. Long*, 6th Dist. Fulton No. F-05-012, 2006-Ohio-472] at ¶ 13. "A party asserting waiver must establish that (1) the waiving party knew of the existing right to arbitrate; and (2) the totality of the circumstances demonstrate the party acted inconsistently with the known right." *Id.* at ¶ 11, citing *Atkinson v. Dick Masheter Leasing II, Inc.*, 10th Dist. Franklin No. 01AP-1016, 2002-Ohio-4299, ¶ 20. When considering the totality of the circumstances, the court may be guided by:

4.

"[W]hether the party seeking arbitration invoked the jurisdiction of the court by filing a complaint, counterclaim, or third-party complaint without asking for a stay of the proceedings; (2) the delay, if any, by the party seeking arbitration to request a stay of the judicial proceedings, or an order compelling arbitration; (3) the extent to which the party seeking arbitration has participated in the litigation, including a determination of the status of discovery, dispositive motions, and the trial date; and (4) whether the nonmoving party would be prejudiced by the moving party's prior inconsistent actions." *Id*. at ¶ 12.

"[A] waiver of the right to arbitrate is not to be lightly inferred." *Id*. at ¶ 13, citing *Griffith v. Linton*, 130 Ohio App.3d 746, 751, 721 N.E.2d 146 (10th Dist.1998). *Id*. at ¶ 21.

{¶ 10} In the present case, appellants contend that the right to arbitrate was waived because the offer to cure letter sent in accordance with the CSPA, as a remedy is limited to cases involving court litigation.

{¶ 11} As quoted above, the cure offer was drafted and sent according to R.C. 1345.092 which provides:

(A) Not later than thirty days after service of process is completed upon a supplier by a consumer in any action seeking a private remedy pursuant to section 1345.09 of the Revised Code, the supplier may deliver a cure offer to the consumer, or if the consumer is represented by an attorney,

to the consumer's attorney. The supplier shall send a cure offer by certified mail, return receipt requested, to the consumer, or if the consumer is represented by an attorney, to the consumer's attorney. The supplier shall file a copy of the cure offer with the court in which the action was commenced.

{¶ 12} The section further limits damages and costs where "a judge, jury, or arbitrator awards actual economic damages as defined in section 1345.09 of the Revised Code that are not greater than the value of a supplier's remedy included in a cure offer made pursuant to this section * * *."

{¶ 13} Ohio courts have consistently noted that the provisions of the CSPA do not preclude arbitration. *Lavelle v. Henderson*, 9th Dist. Summit No, 27921, 2016-Ohio-5313, ¶ 11, citing *Eagle v. Fred Martin Motor Co.*, 157 Ohio App.3d 150, 2004-Ohio-829, 809 N.E.2d 1161, ¶ 10 (9th Dist.); *Stinger v. Ultimate Warranty Corp.*, 161 Ohio App.3d 122, 2005-Ohio-2595, 829 N.E.2d 735, ¶ 23 (5th Dist.).

{¶ 14} In a case involving a home construction dispute which included CSPA claims, the court explained:

Nothing in R.C. Chapter 1345 reflects a policy that claims falling under it be enforced in court and not in arbitration or suggests that parties to a consumer transaction covered by the CSPA cannot agree to arbitrate such matters. Ohio courts have uniformly held that parties to a consumer transaction covered by the CSPA can agree to arbitrate such matters and

6.

that arbitration does not deprive the complainant of any remedies available under CSPA claims. Because Appellants are able to vindicate their statutory cause of action in the arbitral forum, the statute retains its deterrent effect. In the instant case, the parties bound themselves to settle any dispute arising from the contract through arbitration and did not except CSPA claims. Therefore, Appellants' CSPA claims are subject to arbitration per the parties' agreement. *Garcia v. Wayne Homes*, 2d Dist. Clark No. 2001 CA 53, 2002-Ohio-1884, ¶ 77.

{¶ 15} Turning to the merits of the waiver argument, because there is a strong public policy favoring arbitration, a heavy burden to demonstrate waiver exists and it is not to be inferred lightly. *Neel v. A. Perrino Construction, Inc.*, 8th Dist. Cuyahoga No. 105366, 2018-Ohio-1826, ¶ 33. Courts have looked at the totality of the circumstances to determine whether a party has waived the right to arbitrate a contract dispute. Finding that the appellant by participating in litigation waived the right to arbitrate, the Twelfth Appellate District noted that the retail purchase agreement at issue did not have the arbitration box marked and that the auto dealer failed to assert the right more than four months following the filing of the complaint. *Oney v. Dixie Imports, Inc.*, 12th Dist. Butler No. CA2017-06-077, 2018-Ohio-913, ¶ 16. The court further observed that the dealer filed an offer to cure, filed motions and memoranda for an extension of time and a motion for a more definite statement, and participated in pretrial conferences which included setting a trial date. *Id.* The court stressed that in determining whether a party

7.

implicitly waived the right to arbitration, there is no "'talismanic formula'" or any one factor to be given "'controlling weight;'" rather, the individual factors must be examined on a case-by-case basis to determine the extent of a party's participation in the proceedings. *Id.* at ¶ 13, quoting *Georgetowne Condominium Owners Assn. v. Georgetowne Ltd. Partnership & Homes by Calkins, Inc.*, 12th Dist. Warren No. CA2002-02-010, 2002-Ohio-6683,¶ 12 and *Atkinson v. Dick Masheter Leasing II, Inc.*, 10th Dist. Franklin No. 01AP-1016, 2002-Ohio-4299, ¶ 21.

{¶ 16} In the present matter, in their affidavits appellants admit their knowledge that the contract contained an arbitration clause. The action commenced on June 1, 2017, and on July 28, 2017, appellees filed their motion to stay the proceedings pending arbitration. On the same date, appellees filed their answer to the complaint which contained the following footnote: "Defendants file this Answer in satisfaction of their duties under Civil Rule 12, but are doing so subject to and without waiving their rights under the arbitration clause contained in the contract between the Parties." In the interim, on July 26, 2017, appellants sent appellees a cure offer. The offer specifically noted that appellees would be filing a motion to stay the proceedings in order to arbitrate the matter. Based on the facts of this case, we find that appellees did not proceed inconsistently with or waive the right to demand arbitration.

### Ambiguity/Meeting of the Minds

{¶ 17} Appellants next argue that because the arbitration clause is contractual in nature, it must contain all of the "essential terms" in order to be enforceable. Appellants

8.

specifically claim that the clause at issue improperly lacks terms including the applicable procedural rules, the costs involved, the number of arbitrators, the binding or non-binding nature of the decision, and the appealability of the arbitration decision. Appellants similarly argue that because the arbitration clause was ambiguous and lacking in the essential terms, there was no meeting of the minds necessary to form an agreement.

{¶ 18} Appellees counter than there is no ambiguity in the term "arbitration" and that it is presumed to be binding. Further, appellees assert that no Ohio case law sets forth a requirement that all the information that appellants claim is lacking is required to be set forth in the arbitration clause in order for it to be enforceable.

{¶ 19} The parties each rely on Ohio appellate cases to support their arguments. Appellees rely on *Sikes v. Ganley Pontiac Honda, Inc.*, 8th Dist. Cuyahoga No. 82889, 2004-Ohio-155. Appellants cite *Brunkle v. Ohio State Home Servs.*, 9th Dist. Lorain No. 08CA009320, 2008-Ohio-5394.

{¶ 20} In *Sikes*, though chiefly dealing with the issue of unconscionability, the court dismissed appellant/buyer's argument that the arbitration clause at issue was unenforceable because "material terms of the contract were not disclosed" and therefore the agreement lacked the necessary "meeting of the minds." *Id.* at ¶ 18. The court noted: "Sikes cites no authority supporting her proposition that the arbitration clause is required to relay all of the above information [information regarding the specific arbitration program costs, applicable law, appeal process, etc.] to be enforceable. To the contrary, courts have consistently held that an arbitration clause does not have to include the

9.

specific costs." *Id.*, citing *O'Donoghue v. Smythe, Cramer Co.*, 8th Dist. Cuyahoga No. 80453, 2002-Ohio-3447, ¶ 13. The court in *O'Donoghue* relied on a United States Supreme Court case holding that an arbitration provision's lack of a costs explanation did not render it unenforceable because the argument that the costs were "prohibitive" was purely speculation. *Id.* at ¶ 31, citing *Green Tree Fin. Corporation-Alabama v. Randolph*, 531 U.S. 79, 90-91, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000). *See Handler v. Southerland Custom Builders, Inc.*, 8th Dist. Cuyahoga No. 86956, 2006-Ohio-4371.

{¶ 21} Appellants counter that a subsequent line of Ninth Appellate District cases adds authority for the requirement that specific terms be included in an arbitration provision in order for it to be enforceable. In *Brunkle*, *supra*, the court noted that it had previously held that "prohibitive arbitration costs and fees alone may render an arbitration provision substantively unconscionable on a case-by-case determination." *Id.* at ¶ 16, citing *Eagle*, 157 Ohio App.3d 150, 2004-Ohio-5953, 809 N.E.2d 1161, at ¶ 51.

{¶ 22} Reviewing these cases, we find that *Brunkle* is distinguishable from the current facts. As in *Sikes*, the discussion of the arbitration terms was the focus when determining unconscionability. The court found substantive unconscionability where the arbitration clause failed to set forth any of the costs of arbitration and where the provision was not explained to the consumers. This finding was tied to the procedural unconscionability, "meeting of the minds" analysis. The court noted that neither plaintiff had graduated from high school, had very limited reading ability, and could not recall

ever having seen the arbitration provision (which was located on the back of the contract.) *Id.* at ¶ 12-13. These extreme facts are not present in this case.

{¶ 23} Lastly, appellants contend that due to the ambiguity of the arbitration provision, it must be strictly construed against appellees; the strict interpretation provides for non-binding arbitration which prohibits staying the proceedings under R.C. 2711.02 and is unenforceable under Ohio law. Appellees again contend that the arbitration clause need not set forth all of the essential terms, including its binding effect, to be enforceable.

{¶ 24} For the same reasons that we rejected the argument that an arbitration clause needs to contain all the "essential" terms to be enforceable, we find appellants' argument is misplaced. Appellants cite *Schaefer v. Allstate Ins. Co.*, 63 Ohio St.3d 708, 590 N.E.2d 1242 (1992), to highlight their argument that because the clause should be construed as non-binding, it is unenforceable under Ohio law. In *Schaefer*, the Supreme Court of Ohio, in clarifying the provisions under R.C. Chapter 2711, stated: "A review of these sections of R.C. Chapter 2711 clearly indicates that arbitration is intended to be an alternate method of dispute resolution which is final (and must be accorded finality) in all circumstances except those specifically set forth in the statute. *Id.* at 713-714.

{¶ 25} Accordingly, we find that the arbitration clause at issue is enforceable.

**Unconscionability**

{¶ 26} As set forth above, in determining whether an arbitration provision is unconscionable, a reviewing court engages in a de novo review of the unconscionability arguments but defers to the trial court's factual findings. *Ranazzi*, 2015-Ohio-4411, 46

11.

N.E.3d 213, at ¶ 9.  In general, unconscionability of a contract has been recognized to include the absence of a meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party.   A party asserting unconscionability of a contract must demonstrate a quantum of both procedural and substantive unconscionability.  *Collins v. Click Camera & Video*, 86 Ohio App.3d 826, 834, 621 N.E.2d 1294 (2d Dist.1993).

{¶ 27} Procedural unconscionability relates to the formation of the contract and whether there was a meeting of the minds.  *Ranazzi* at ¶ 23, citing *Porpora v. Gatliff Bldg. Co.*, 160 Ohio App.3d 843, 2005-Ohio-2410, 828 N.E.2d 1081, ¶ 7 (9th Dist.).  In determining whether an arbitration clause is procedurally unconscionable:

"courts consider the relative bargaining positions of the parties, whether the terms of the provision were explained to the weaker party, and whether the party claiming that the provision is unconscionable was represented by counsel at the time the contract was executed."  *Id*., quoting *Porpora* at ¶ 7.

{¶ 28} Whether a contract is procedurally unconscionable does not turn on a single factor.  *Fry v. FCA US LLC*, 6th Dist. Lucas No. L-16-1230, 2017-Ohio-7005, ¶ 30, citing *Hayes v. Oakridge Home*, 122 Ohio St.3d 63, 2009-Ohio-2054, 908 N.E.2d 408, ¶ 29.  "Rather, procedural unconscionability is determined after consideration of the totality of the circumstances."  *Id.*, citing *Hayes* at ¶ 30.

12.

**{¶ 29}** Appellants cite to *Eagle*, 157 Ohio App.3d 150, 2004-Ohio-5953, 809 N.E.2d 1161, at ¶ 51, where arbitration clause was found to be unconscionable yet contained information regarding how the parties could locate the relevant arbitration rules and costs. However, the *Eagle* facts also revealed a "huge disparity" in bargaining power (educational and economic background, age, and sophistication and experience) between the consumer and auto dealer and the element of "unfair surprise" having not known that the contract contained an arbitration provision. *Id.* at ¶ 59.

**{¶ 30}** As to the clause at issue, appellants, through their affidavits, stated that they did not draft the contract, that they believed the contract was a "standard preprinted" form that appellees used in all their contracts, that it was represented by appellee Mark Smith that the arbitration clause was "no big deal," that they were not represented by an attorney, that they did not understand the nature and effect of arbitration, they were unaware of which rules applied or what the costs would be, and that they did not want to arbitrate their claims.

**{¶ 31}** Reviewing the arguments of the parties and the evidence presented, we find that the arbitration clause was not procedurally unconscionable. Although we do agree that the contract is one-sided, that alone does not establish procedural unconscionability. *Ranazzi*, 2015-Ohio-4411, 46 N.E.3d 213, at ¶ 30. Appellants were aware of the clause and could have contracted with another company. Further, there was no evidence to suggest that they were uneducated, illiterate, or vulnerable in some way.

13.

**{¶ 32}** Though not necessary upon finding that the clause is not procedurally unconscionable, we further find that the arbitration clause was not substantively unconscionable. Substantive unconscionability focuses on the terms of the agreement with courts considering

> "the fairness of the terms, the charge for the service rendered, the standard in the industry, and the ability to accurately predict the extent of future liability. *John R. Davis Trust* at ¶ 13; *Collins v. Click Camera*, 86 Ohio App.3d at 834, 621 N.E.2d 1294. No bright-line set of factors for determining substantive unconscionability has been adopted by this court. The factors to be considered vary with the content of the agreement at issue." *Ranazzi* at ¶ 25, quoting *Hayes*, 122 Ohio St.3d 63, 2009-Ohio-2054, 908 N.E.2d 408, at ¶ 33.

**{¶ 33}** Appellants argue that the arbitration clause is substantively unconscionable because the American Arbitration Association has "excessive and oppressive" costs for arbitration. While there is no fixed cost which renders a clause unconscionable, courts have generally accepted that "'if the costs associated with the arbitration effectively deny a claimant the right to a hearing or an adequate remedy in an efficient and cost-effective manner,' the clause is invalid." *Neel*, 8th Dist. Cuyahoga No. 105366, 2018-Ohio-1826, at ¶ 18, quoting *Felix v. Ganley Chevrolet, Inc.*, 8th Dist. Cuyahoga Nos. 86990 and 86991, 2006-Ohio-4500, ¶ 21.

14.

{¶ 34} The party complaining of the costs of arbitration has the burden of demonstrating the likelihood that they will incur oppressive costs. *Neel* at ¶ 19. "To meet this burden, the [complaining party] must provide more than unsupported allegations of prohibitive costs, because 'the mere risk that a plaintiff would be forced to pay exorbitant costs is too speculative to justify invalidation of the arbitration agreement.'" *Id.*, quoting *Taylor Bldg. Corp. of Am. v. Benfield,* 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12, at ¶ 57. *See Garcia*, 2d Dist. Clark No. 2001 CA 53, 2002-Ohio-1884, at ¶ 66-74 (where damage claims were not de minimus, evidence of costs were not so substantial to establish unconscionability). *See Handler*, 8th Dist. Cuyahoga No. 86956, 2006-Ohio-4371, at ¶ 16.

{¶ 35} In the present matter, appellants have alleged damages in excess of $25,000. Appellants contend that the costs for arbitration "would be much more expensive for them to pay out of pocket than the costs of litigation." Based upon their large monetary claim and speculation regarding the nature of the costs of arbitration, we find that the arbitration clause was not substantively unconscionable.

{¶ 36} Based on the foregoing, we find that the trial court did not abuse its discretion when it granted appellees' motion to stay the proceedings pending arbitration. Appellants' assignment of error is not well-taken.

**{¶ 37}** On consideration whereof, we find that substantial justice was done the parties complaining and the judgment of the Huron County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellants are ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.

_____
JUDGE

James D. Jensen, J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.